UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CUMULUS MEDIA NEW HOLDINGS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE NIELSEN COMPANY (US) LLC, <br><br> *Defendant*. | Civil Action No.: 25-cv-08581 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Counsel for Plaintiff*
*Cumulus Media New Holdings Inc.*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BakeMark USA LLC v. Negron*,
 No. 23-CV-2360 (AT) (BCM), 2024 WL 182505 (S.D.N.Y. Jan. 16, 2024)............................1

*Brown v. Maxwell*,
 929 F.3d 41 (2d Cir. 2019)................................................................................................1

*Lugosch v. Pyramid Co. of Onondaga*,
 435 F.3d 110 (2d Cir. 2006)..............................................................................................1

*New York City Transit Auth. v. Westfield Fulton Ctr. LLC*,
 No. 24 CIV. 1123 (LGS), 2025 WL 429714 (S.D.N.Y. Feb. 6, 2025).....................................1

*Olson v. Major League Baseball*,
 29 F.4th 59 (2d Cir. 2022) ................................................................................................1

*PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*,
 No. 19-CV-07577 (KMK), 2022 WL 4956050 (S.D.N.Y. Aug. 26, 2022)..............................2

*SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*,
 No. 14-CV-2270 (JMF), 2014 WL 5643683 (S.D.N.Y. Nov. 4, 2014).....................................3

Plaintiff Cumulus Media New Holdings Inc. ("Cumulus") respectfully moves for an order permitting Cumulus to file under seal portions of (i) the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction (the "Memorandum") and (ii) the Declaration of Collin R. Jones, dated October 16, 2025, the Declaration of Dave Milner, dated October 16, 2025, and the Expert Declaration of Harold Furchtgott-Roth, dated October 16, 2025 (collectively, the "Declarations"). Cumulus has filed redacted versions of these documents on the public docket.

A court's consideration of a request to seal materials in a civil matter is governed by a three-step process, which requires a court to (1) determine whether the documents at issue are judicial documents, (2) determine the weight of the common law presumption of public access, and (3) balance any competing considerations against that presumption, including privacy interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Here, balancing the presumption and the competing considerations weighs in favor of granting Cumulus's request to seal the Memorandum and Declarations.

*First,* the Memorandum and Declarations are "judicial documents" because they are documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119.

*Second,* while there is a presumption of public access to the Memorandum and Declarations, it is not insurmountable. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022); *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019). Cumulus's motion for preliminary injunction does not seek a final judgment, and this court has permitted parties to seal or redact certain information related to preliminary injunction motion briefing on several occasions. *See, e.g.*, *BakeMark USA LLC v. Negron*, No. 23-CV-2360 (AT) (BCM), 2024 WL 182505, at *2 (S.D.N.Y. Jan. 16, 2024) (sealing portions of plaintiff's memorandum of law in support of a motion

for a temporary restraining order, preliminary injunction, and expedited discovery and other filings); *New York City Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 CIV. 1123 (LGS), 2025 WL 429714, at *2 (S.D.N.Y. Feb. 6, 2025) (sealing portions of defendant's opposition to plaintiff's motion for a preliminary injunction).

*Third,* the presumption of public access is outweighed by the competing consideration of the potential harm to Cumulus and Nielsen that disclosure of the information would cause. Portions of the Memorandum and Declarations describe non-public and sensitive business information regarding Cumulus's and Nielsen's operations. This includes details regarding Cumulus's contracts with Nielsen, Nielsen's confidential notices detailing service issues, Cumulus's projected 2025 profitability, detailed financial information for specific Cumulus stations, and Cumulus's customer information. Further, the portions of the Memorandum and Declarations discuss how Cumulus would alter its operations if the Nielsen policy at issue were to go into effect and the resulting financial and business impacts of such changes. The information that Cumulus requests to redact is commercially and competitively sensitive and could significantly harm Cumulus and Nielsen if disclosed. For example, a competitor could use the information regarding Cumulus's financials and potential changes to its advantage to poach advertisers and content partners from Cumulus. Additionally, sensitive information in the Memorandum and Declarations, if disclosed to Westwood One's customers, could harm Westwood One's dealings with these customers. Further, Nielsen's customers or potential customers could use information regarding Cumulus's contract rates with Nielsen to their advantage in future contract negotiations with Nielsen.

Courts have found similar sensitive business information appropriately sealed. *See, e.g.*, *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-07577 (KMK), 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (sealing confidential operational and

marketing information, non-public financial and pricing information, and confidential information involving customers); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270 (JMF), 2014 WL 5643683 (S.D.N.Y. Nov. 4, 2014) (sealing financial figures and customer information).

For these reasons, Cumulus requests that the Court permit the requested redactions filed in the Memorandum and Declarations, pending the parties meeting and conferring regarding proposed redactions.

Dated: October 16, 2025  
       New York, New York

Respectfully submitted,

By: */s/ Claude G. Szyfer*  
Claude G. Szyfer  
HOGAN LOVELLS US LLP  
390 Madison Avenue  
New York, N.Y. 10017  
Telephone: (212) 918-3000  
Facsimile: (212) 918-3100  
claude.szyfer@hoganlovells.com

Jennifer Fleury (*pro hac vice forthcoming*)  
Charles Loughlin (*pro hac vice forthcoming*)  
Jamie Lee (*pro hac vice forthcoming*)  
Alisa Lu (*pro hac vice forthcoming*)  
Ashley Ifeadike (*pro hac vice forthcoming*)  
Tianyu Dong (*pro hac vice forthcoming*)  
HOGAN LOVELLS US LLP  
555 Thirteenth Street, N.W.  
Washington, D.C. 20004  
Telephone: (202) 637-5600  
Facsimile: (202) 637-5910  
jennifer.fleury@hoganlovells.com  
chuck.loughlin@hoganlovells.com  
jamie.lee@hoganlovells.com  
alisa.lu@hoganlovells.com  
ashley.ifeadike@hoganlovells.com  
tianyujohn.dong@hoganlovells.com

*Counsel for Plaintiff*  
*Cumulus Media New Holdings Inc.*

**WORD COUNT CERTIFICATION**

I hereby certify that this Memorandum of Law complies with Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York. This certificate certifies that the document complies with the word count limit. Compliance relied on the word count of the word-processing system used to prepare the document. The total number of the words in this Memorandum, exclusive of the caption, table of contents, table of authorities and signature block is 659 words.

Dated: October 16, 2025
       New York, New York

*/s/ Claude G. Szyfer*
Claude G. Szyfer