

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

October 21, 2025

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

    Re:    *Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC*,
             **Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y.)**

Dear Judge Vargas:

    We write on behalf of our client Cumulus Media New Holdings Inc. ("Cumulus") to request an order granting limited expedited discovery in connection with Cumulus's Motion for Preliminary Injunction (the "Motion"), ECF No. 7, pursuant to Federal Rules of Civil Procedure 26 and Rule 6(B) of Your Honor's Individual Rules and Practices.

    Cumulus is seeking to enjoin Defendant The Nielsen Company (US) LLC ("Nielsen") from implementing a tying policy that conditions access to its indispensable national radio ratings data on the purchase of separate local radio ratings data from Nielsen. Nielsen's tying scheme is a textbook abuse of monopoly power—it harms competition by preventing radio stations from freely choosing the local radio ratings data providers they want, and it harms networks, like Plaintiff, that need Nielsen's national radio ratings data to sell advertising. Many advertising and content contracts are signed in late 2025, so Cumulus needs an injunction before the end of this year to be able to continue operating without irreparable harm to its business and to continue providing an important public service to our communities.

    Cumulus and Nielsen generally agree that a preliminary injunction hearing should take place in early-to mid-December.[1] The parties disagree, however, about the scope of discovery that

---

[1] The parties also agree that Nielsen's response to Cumulus's complaint would not be due until 30 days after the Court rules on Cumulus's motion for a preliminary injunction. In exchange for

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

The Honorable Jeannette A. Vargas
October 21, 2025
Page 2

should take place in advance of the hearing, and whether the preliminary injunction hearing will include the presentation of evidence. Cumulus proposes that both parties use the time between now and the proposed hearing to conduct targeted fact and expert discovery relevant to the preliminary injunction motion, including the assessment of Cumulus's likelihood of success on the merits. The parties would then present that evidence to the Court at the preliminary injunction hearing. By contrast, Nielsen does not want the Court to see evidence of its unlawful behavior. Nielsen would prefer that the parties do virtually no fact discovery and no expert discovery, and present no evidence at the hearing.[2] This is inconsistent with Your Honor's recent decision in another Section 2 antitrust case seeking injunctive relief. Your Honor recently denied a similar request from defendants to decide issues related to irreparable harm and Section 2 claims based on the papers because plaintiff's "motion for a preliminary injunction potentially implicates disputed issues of fact." *See Compass, Inc. v. Zillow, Inc. et al*, 1:25-cv-05201, ECF No. 91. Thus, Your Honor declined "to rule on any aspect of the preliminary injunction motion prior to the evidentiary hearing." *Id.*

The same decision should be reached here. There is good cause for Cumulus's expedited discovery request because it is targeted at obtaining information regarding the development and implementation of Nielsen's anticompetitive "Tying Policy," as well as information regarding pricing of Nielsen's local radio and national radio ratings data—information that is readily available to Nielsen and will "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-cv-4242, 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014) (citations omitted).

By contrast, Nielsen's proposal would permit only "limited requests" for "specifically identifiable documents" and a single four-hour deposition. Nielsen's proposal seeks to prevent Cumulus from collecting evidence of Nielsen's wrongdoing and guarantees ongoing disputes

---

agreeing to this schedule, Nielsen has agreed that its counsel can accept service of the complaint. This agreement is reflected in the attached proposed Scheduling Order.

[2] On October 20, 2025, at 2:00 pm, counsel for the parties met and conferred for approximately thirty minutes regarding Cumulus's initial discovery proposal. This meeting included attorneys Jennifer Fleury, Chuck Loughlin, and Ashley Ifeadike on behalf of Cumulus, and attorneys Joshua Lipton, Scott Hvidt, Jefferson Bell, and Katie Salvaggio on behalf of Nielsen. Nielsen disagreed with Cumulus's proposal, and Nielsen's counsel shared a revised discovery proposal that significantly limited discovery. *See* Exhibit A. On October 21, 2025, we informed Nielsen's counsel that the parties were at an impasse and that Cumulus would be requesting relief from the Court. Cumulus has adopted several of Nielsen's provisions in the attached proposed Scheduling Order, including (1) Nielsen's preferred hearing date and (2) the motion to dismiss briefing schedule.

about whether requests are sufficiently "limited" and whether documents are "specifically identifiable"—a proposed limitation for which they have no authority. Moreover, Nielsen's proposal would prevent the Court from seeing and hearing the evidence of its anticompetitive behavior at the preliminary injunction hearing. Nielsen proposes that the parties provide only oral argument and no documents or witness testimony. Thus, the Court would not even be able to hear from Rich Tunkel (Managing Director of Nielsen Audio) who *agreed* that Nielsen was tying data products together and admitted that unless Cumulus bought all its local radio ratings data from Nielsen, the national radio ratings available to Westwood One would have "holes" and not be "useful."

Cumulus is aware of the limited time available and has tailored the discovery to be consistent with discovery permitted in other cases.[3] This proposed compressed schedule requires the parties to focus discovery on the information most necessary to examine the merits of Cumulus's claims. As detailed in Cumulus's proposed discovery and briefing schedule, Cumulus's discovery proposal consists of the following for each party: (1) up to ten targeted requests for production limited to five total custodians, (2) up to five interrogatories, and (3) up to five depositions, in addition to one expert deposition and one 30(b)(6) deposition.

For the foregoing reasons, Cumulus respectfully requests that the Court grant Cumulus's request for expedited discovery and enter Cumulus's proposed Scheduling Order.

---

[3] *See, e.g.*, *Jackpocket, Inc. v. Lottomatrix NY, LLC*, No. 22-cv-05772, ECF No. 86 (ordering a discovery schedule with document requests, interrogatories, depositions, and pre-hearing briefing over an approximately one-month timeline); *Telebrands Corp. v. Guangzhou Alpaca Home Furnishings Co., Ltd*, No. 25-cv-3646 (JAV), 2025 WL 1565385, at *5 (S.D.N.Y. May 28, 2025) (granting expedited discovery including interrogatories and RFPs within a 14-day timeline).

The Honorable Jeannette A. Vargas
October 21, 2025
Page 4

                    Respectfully submitted,

By: */s/ Jennifer Fleury*

Jennifer Fleury (*pro hac vice admitted*)
Charles Loughlin (*pro hac vice admitted*)
Jamie Lee (*pro hac vice forthcoming*)
Alisa Lu (*pro hac vice forthcoming*)
Ashley Ifeadike (*pro hac vice forthcoming*)
Tianyu Dong (*pro hac vice forthcoming*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jennifer.fleury@hoganlovells.com
chuck.loughlin@hoganlovells.com
jamie.lee@hoganlovells.com
alisa.lu@hoganlovells.com
ashley.ifeadike@hoganlovells.com
tianyujohn.dong@hoganlovells.com

Claude G. Szyfer
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Counsel for Plaintiff*
*Cumulus Media New Holdings Inc.*

## **CERTIFICATE OF SERVICE**

I, Jennifer Fleury, hereby certify that on October 21, 2025, I caused a true and correct copy of the foregoing Letter Motion for Expedited Discovery for Motion for Preliminary Injunction, along with Exhibit A and the proposed scheduling order, to be served via electronic mail upon counsel for Defendant The Nielsen Company (US) LLC.

*/s/ Jennifer Fleury*
Jennifer Fleury
