UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                               :

CUMULUS MEDIA NEW HOLDINGS INC.,     :

                 Plaintiff,     :

                                                     :           25-CV-08581 (JAV)

            -v-           :

                            :           <u>ORDER GRANTING</u>

THE NIELSEN COMPANY (US) LLC,     :           <u>MOTIONS TO SEAL</u>

                Defendant.     :

                                                   :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Plaintiff Cumulus Media New Holdings ("Cumulus") requests permission to file under seal certain proprietary and commercially-sensitive information in: (i) the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, dated October 16, 2025, ECF No. 8, and (ii) the Declaration of Collin R. Jones, dated October 16, 2025, ECF No. 9, the Declaration of Dave Milner, dated October 16, 2025, ECF No. 10, and the Expert Declaration of Harold Furchtgott-Roth, dated October 16, 2025, ECF No. 11.  Plaintiff's request, dated October 16, 2025, ECF No. 5, is **GRANTED**.

        Defendant The Nielsen Company ("Nielsen") similarly requests permission to redact certain proprietary and commercially sensitive information in portions of its response, filed on October 27, 2025, ECF No. 38, to Cumulus's "Request for Expedited Discovery and Schedule for Preliminary Injunction Proceedings," dated October 21, 2025, ECF No. 23.  Defendants' request, dated October 27, 2025, ECF No. 37,  is **GRANTED**.

        Cumulus has made a sufficient showing that the information it seeks to seal, concerning non-public and sensitive financial information regarding Cumulus and Westwood One's operations, qualifies as "confidential business information" that is material to these entities' competitive

position in the market and could potentially inflict "significant competitive disadvantage" on Cumulus and Westwood One through disclosure. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted). Nielsen has similarly made a sufficient showing that the information it seeks to seal in its letter response and associated exhibits, concerning ongoing contract negotiations, likewise constitutes confidential business information. The Court therefore finds that, in this instance, the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Id.* (internal citations and quotation marks omitted).

The Clerk of Court is directed to terminate ECF Nos. 5 and 37.

SO ORDERED.

Dated: November 14, 2025  
New York, New York

                                                  JEANNETTE A. VARGAS  
                                                  United States District Judge