UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
CUMULUS MEDIA NEW HOLDINGS INC.,                            :
                                                            :
                                    Plaintiff,             :
                                                            :                    25-CV-08581 (JAV)
          -v-                                               :
                                                            :                    ORDER
THE NIELSEN COMPANY (US) LLC,                              :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------------------ X


JEANNETTE A. VARGAS, United States District Judge:

        The Court has before it motions to seal filed both by Defendant The Nielsen Company (US) LLC ("Nielsen") and Plaintiff Cumulus Media New Holdings Inc. ("Cumulus").  *See* ECF Nos. 58, 59, 87, 90, 94.  The motions at ECF Nos. 58, 87, 90, and 94 are GRANTED.  The motion at ECF No. 59 is GRANTED IN PART AND DENIED IN PART.

        The letter motions at ECF Nos. 58, 87, and 90 seek to redact confidential business information contained in the moving and opposition papers related to Plaintiff's motion for a preliminary injunction.  The Court has reviewed all documents pertaining to these requests and finds that both parties have made a sufficient showing that the information they seek to seal, with one exception set forth below, concerns non-public and sensitive financial information, ongoing contract negotiations, business plans and strategies, internal business analyses, and competitively sensitive information that qualifies as "confidential business information" material to parties' competitive position in the market and could potentially inflict "significant competitive disadvantage" on the parties through disclosure.  *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted).  The Court therefore finds that, in this instance, the "interest in protecting confidential business information

outweighs the qualified First Amendment presumption of public access." *Id.* (internal citations and quotation marks omitted).

In its motion at ECF No. 94, Nielsen moves to seal ECF No. 92, the public and redacted version of Defendant's sealed filing at ECF No. 91 that Defendant erroneously filed without removing certain metadata. A corrected version of this brief was publicly filed without the metadata at ECF No. 95. This motion is therefore granted.

At ECF No. 59, Cumulus requests permission to file under seal various pre-hearing documents, including portions of Plaintiff's Pre-Hearing Brief in Support of its Motion for a Preliminary Injunction and portions of the supporting Declaration of Jennifer Fleury, portions of the Supplemental Declaration of Collin R. Jones, portions of the Supplemental Declaration of Dave Milner, and certain exhibits accompanying these declarations. Most of the information sought to be sealed constitutes internal business analyses and confidential business plans and strategies. The Court therefore grants the motion to seal such material, for the reasons stated above, except for certain passages in the last paragraph on page 1, extending to page 2. ECF No. 60 at 1-2. Specifically, the Court orders that the following information should be unredacted from ECF No. 60:

> Nielsen likened the dispute to a customer demanding the ["Coke for 50 cents," as part of a McDonald's value meal without buying the Big Mac and fries.] But Nielsen's Tying Policy is no package discount. [McDonald's will sell a Coke without a Big Mac (at a fair and reasonable price), and McDonald's provides the individual prices for a Coke, a Big Mac, and fries, as well as the price for the bundle.]

(Brackets added to indicate proposed redactions.) Cumulus also requests leave to redact from the pre-hearing documents the names and employment positions of third parties who have submitted declarations under penalty of perjury in support of Cumulus's motion. This motion is denied. Any privacy interest is clearly outweighed by the public's interest in access to judicial documents.

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Accordingly, Cumulus is ORDERED to refile public versions of ECF No. 60 and 61, with the information outlined above unredacted, by no later than December 11, 2025.

The Clerk of Court is directed to terminate ECF Nos. 58, 59, 87, 90, and 94.

SO ORDERED.

Dated:  December 4, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3