

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

December 10, 2025

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

    Re:    ***Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC***,
            **Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y.)**

Dear Judge Vargas:

    Cumulus respectfully requests that the Court reconsider its December 4, 2025, Order denying in part Cumulus's unopposed motion to redact portions of exhibits supporting the Declaration of Jennifer Fleury. (ECF No. 97.) Cumulus requests that upon reconsideration, the Court grant Cumulus's request solely to redact third parties' identifying information[1] in their declarations, which are currently designated as Highly Confidential – Outside Counsel's Eyes Only[2], to prevent manifest injustice to these third parties[3].

    Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) allow a party to move for reconsideration of a court's order on the grounds that there was an intervening change of controlling law, that there is newly available evidence, or that there is a need to correct clear error or prevent manifest injustice. *Hui Li v. China Merchants Back Co.*, 2023 U.S. Dist. LEXIS 65875, at *3 (S.D.N.Y. Apr. 14, 2023). Manifest injustice occurs where there is "more than just a clear

---

[1] One third party, whose unsealed declaration is at ECF No. 61-2 at 38–39, has withdrawn its declaration after being notified of this Court's order.

[2] This information was designated as Highly Confidential-Outside Counsel Eyes' Only under the Protective Order (ECF No. 52) to prevent Nielsen's businesspeople from learning the identifying information of these third parties, and any potential retaliation.

[3] Additional third parties were unwilling to provide declarations because of their fear of retaliation from Nielsen.

Hon. Jeannette A. Vargas
December 10, 2025
Page 2

and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35–6 (D.D.C. 2013).

The third parties' identifying information was redacted because of concerns about retaliation from Nielsen. Nielsen, a monopolist engaging in anticompetitive behavior, holds all of the power during contract negotiations, resulting in an unequal bargaining dynamic that is ripe for retaliation. For example, Nielsen can and has raised its rates significantly during negotiations. If identifying information is revealed to Nielsen's businesspeople, Nielsen can retaliate with additional rate increases, resulting in manifest injustice to these third parties actively involved or who will be involved in negotiations with Nielsen. Third parties have decided to submit declarations in this litigation to present a fulsome record to the Court, despite risk to themselves, and they should not be punished for having done so.

Nielsen did not oppose Cumulus's original request to seal these third parties' identifying information, and the declarations are narrowly redacted—only the declarants' identifying information is redacted, not descriptions of their entities' roles in the radio industry or any of Nielsen's conduct.

Third parties' privacy interests outweigh the presumption of access to judicial documents without redaction of the declarant's identifying information. As Cumulus highlighted in its unopposed letter motion requesting sealing of the identifying information of the declarant, "the privacy interests of innocent third parties" can outweigh the First Amendment presumption of access. ECF No. 59 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995)). Publishing identifying information presents significant harm to the third parties' privacy interests, and will result in a very clear risk of retaliation. The risk of potential retaliation is fundamentally unfair to the third parties providing declaration testimony in this case. Cumulus requests that the Court reconsider its order and allow for limited, partial redactions that are narrowly tailored to protect innocent third parties from potential retaliatory action by Nielsen.

***

For these reasons, Cumulus respectfully requests that this Court grant its letter motion for reconsideration on the grounds that manifest injustice will result if the identifying information of these third-party declarants are made public.

Hon. Jeannette A. Vargas
December 10, 2025
Page 3

Respectfully submitted,

By: */s/ Jennifer Fleury*

Jennifer Fleury (*pro hac vice admitted*)
Charles Loughlin (*pro hac vice admitted*)
Jamie Lee (*pro hac vice admitted*)
Alisa Lu (*pro hac vice admitted*)
Ashley Ifeadike (*pro hac vice admitted*)
Tianyu Dong (*pro hac vice admitted*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jennifer.fleury@hoganlovells.com
chuck.loughlin@hoganlovells.com
jamie.lee@hoganlovells.com
alisa.lu@hoganlovells.com
ashley.ifeadike@hoganlovells.com
tianyujohn.dong@hoganlovells.com

Claude G. Szyfer
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Counsel for Plaintiff*
*Cumulus Media New Holdings Inc.*