

Hogan Lovells US LLP
555 13th St NW
Washington, D.C. 20004
T  +1 202-637-5600
F  +1 202-637-5910
www.hoganlovells.com

December 12, 2025

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

> **Re:** *Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC*, **Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y)**

Dear Judge Vargas:

At yesterday's evidentiary hearing, the Court allowed Plaintiff to submit a supplemental letter brief addressing the sealing of third-party declarants' identities. *See* Dec. 11 Hrg. Tr. 339:12–21. While we have not located authority addressing this precise factual scenario, courts in this District and throughout the Second Circuit have permitted the sealing of third-party declarants' identities. *See, e.g.*, *Secs. and Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *2 (S.D.N.Y. May 16, 2023). Importantly, we are aware of no case law suggesting that the Court lacks discretion to grant the relief requested. This Court retains broad discretion to order sealing to prevent retaliation and avoid economic harm.

**I.      Standard**

The Court is correct that there is a presumption of the public's right to access judicial records, rooted in both the common law and First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). But this presumption is not absolute. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). As the Court noted in yesterday's hearing, the Second Circuit follows the *Lugosch* three-part balancing test when determining whether to seal a judicial document: (1) whether the record at issue is a judicial document; (2) if it is a judicial document, the court then considers the weight of the presumption of access depending on if its role in adjudication; and (3) the presumption of public access against any countervailing interests. *See id.* (citing *Lugosch*, 435 F.3d at 119–20). *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2024 WL 4931857, at *2 (S.D.N.Y. Dec. 2, 2024) (citing *Lugosch*, 435 F.3d at 121).

The standard for sealing a declarant's identity in the Second Circuit is no different from the *Lugosch* factors applied to any other sealing motion. *See Secs. and Exch. Comm'n v. Ripple*

*Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *2 (S.D.N.Y. May 16, 2023) (citing *Lugosch* to find that third party declarant's identity should remain sealed despite the "public interest" in the case). Courts in the Second Circuit have wide discretion in fashioning appropriate remedies to protect the information of innocent third parties from retaliation. *See id.* (sealing identities of declarants where their exposure "may increase the likelihood of future threatening behavior").

At a higher level, courts in the Second Circuit routinely seal information in antitrust cases, as these cases necessarily involve sensitive customer lists, competitively sensitive information, business strategies, and pricing information, which, per the antitrust laws, should not be shared amongst competitors (even in a Court opinion). *See, e.g.*, *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV598BKSCFH, 2022 WL 2643583, at *25-27 (N.D.N.Y. July 8, 2022) (granting sealing motions for multiple documents in antitrust litigation and noting the approval of "same or similar information" in prior orders); *fuboTV Inc. v. Walt Disney Co.*, 745 F. Supp. 3d 109, 132 (S.D.N.Y. 2024), *appeal dismissed*, No. 24-2210, 2025 WL 523263 (2d Cir. Jan. 8, 2025) (identifying specific sealing procedures for antitrust matters); *N. Am. Soccer League, LLC v. U.S. Soccer Fedn., Inc.*, 754 F. Supp. 3d 373, 391–92 (E.D.N.Y. 2024) (granting sealing motions in antitrust matter).

## II.     The Third-Party Declarant's Identities are not Central to the Merits

When applying the factors to the identities of declarants in this matter, the balance tips in favor of sealing. As to the first factor, there is no dispute that the declarations are judicial documents. Second, although the presumption of access to the declarations warrants some weight, that presumption can be overcome when a party is seeking only to redact identifying information, not the substance of the declarations themselves. *See Eckhart*, 2024 WL 4931857, at *2–3 (S.D.N.Y. Dec. 2, 2024) (finding sealing of identities rather than entire declaration was appropriate where its contents were relevant to the merits of the action). And the fact that the proposed redactions relate to third parties' identifying information weighs heavily in favor of sealing as well. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n. 1 (S.D.N.Y. 2017) (granting motion to seal and noting "innocent third parties" are "entitled to significant weight in the balancing against the public's right to access")(citation omitted). Thus, where "only names are sought to be redacted" the presumption of public access is "relatively low because the public can still gleam…the substance of the arguments and the Court's use of them." *Citgo Petroleum Corp. v. Starstone Ins. SE*, No. 1:21-CV-389-GHW, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023). *See id.* (granting motion to seal identities of witness' name). That is particularly true here, where the identities of the declarants do not directly impact the merits of this case. *See generally Spencer-Smith v. Ehrlich*, No. 23-CV-2652 (LJL), 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (granting motion to seal names of non-parties because the identities "play[s] only a negligible role" in the adjudication) (citation omitted). It follows that redacting only the names of declarants in this case is narrowly tailored because the substance of the declarations are still accessible to the public. *See Ripple Labs*, 2023 WL 3477552, at *2 (finding redacting names of declarants was narrowly tailored to preserve judicial efficiency).

### III.   Revealing Third-Party Declarant's Identities Increases the Risk of Economic Harm

The third factor, the privacy interests of the non-party declarants, also weighs in favor of sealing. The declarants in this case are similarly situated businesses (radio stations and media companies) who rely on Nielsen's data in the same way Cumulus does. Nielsen's monopoly over the radio ratings data enables them to harm any adversaries, including those who testify against it in Court. *See id*, at *2-3. In *Ripple Labs*, this Court granted the SEC's motion to seal identifying information of experts and investor declarants, because the dissemination of their identities "may increase the likelihood of future threatening behavior" which not only implicated concerns of witness safety but impaired judicial efficiency. *Id.* Indeed, the third-party declarants in this case are businesses who also face the threat of retaliatory oppressive pricing and contract terms for radio ratings data. This has potentially dire consequences, as those businesses cannot get national radio ratings data elsewhere – and will find themselves in a position similar to Cumulus. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013) (sealing identities of declarants where disclosure increased risk of economic reprisals). Finally, these third parties have threatened to remove their declaration from the case in its entirety, which will impair judicial efficiency and the Court's ability to reach the proper resolution in this matter.

The *Lugosch* factors weigh in favor of sealing the declarants' identities, to protect them from retaliation while still allowing all relevant material to be part of the public record.

*** 

For the foregoing reasons, Cumulus respectfully requests that the Court grant its letter motion for reconsideration.

Respectfully submitted,

By: */s/ Jennifer Fleury*
Jennifer Fleury (*pro hac vice admitted*)
Charles Loughlin (*pro hac vice admitted*)
Jamie Lee (*pro hac vice admitted*)
Alisa Lu (*pro hac vice admitted*)
Ashley Ifeadike (*pro hac vice admitted*)
Tianyu Dong (*pro hac vice admitted*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jennifer.fleury@hoganlovells.com
chuck.loughlin@hoganlovells.com
jamie.lee@hoganlovells.com
alisa.lu@hoganlovells.com
ashley.ifeadike@hoganlovells.com
tianyujohn.dong@hoganlovells.com

Claude G. Szyfer
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Counsel for Plaintiff
Cumulus Media New Holdings Inc.*