**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
CUMULUS MEDIA NEW HOLDINGS
INC.,

               Plaintiff,

     -against-

THE NIELSEN COMPANY (US) LLC,

              Defendant.

-------------------------------------------------------- X

Case No. 1:25-cv-08581 (JAV)

## ANSWER AND COUNTERCLAIMS OF
## DEFENDANT THE NIELSEN COMPANY (US), LLC

    Defendant The Nielsen Company (US), LLC ("Nielsen") by and through its undersigned attorneys, for its Answer to the Complaint (the "Complaint") of Cumulus Media New Holdings Inc. ("Cumulus") states as follows:

## GENERAL DENIAL

    Except as otherwise expressly admitted herein, Nielsen denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble or headings of the Complaint, and specifically denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed as denied. By filing this Answer, Nielsen does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in pending or future motions or submissions to the Court. Nielsen reserves the right to seek to amend or supplement its Answer.

### ANSWER TO SPECIFIC ALLEGATIONS IN PLAINTIFF'S COMPLAINT

AND NOW, incorporating the foregoing, Nielsen states as follows in response to the specific allegations in the Complaint:

### ANSWER TO "NATURE OF ACTION" ALLEGATIONS

1.        Nielsen denies the allegations in paragraph 1.

2.        Nielsen denies the allegations in paragraph 2, except that Nielsen is without sufficient knowledge or information to form a belief as to the meaning of the vague and undefined term "primary tool" and denies the allegations in the first sentence of paragraph 2 on that basis, and Nielsen admits that local radio ratings data can show how individual stations perform against their competitors in audience size, demographics, and time spent listening. Nielsen clarifies that its Nationwide report is an aggregate of its local radio ratings data, and thus contains various geographies encapsulated by its local radio ratings data.

3.        Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 and on that basis denies them, except that Nielsen denies the implication in the last sentence of paragraph 3 that Westwood One, through Cumulus, purchases national radio ratings data from Nielsen solely for its "own" analyses, and Nielsen admits that Cumulus owns local radio stations in various geographic areas in the United States and that Westwood One is a national radio network and subsidiary of Cumulus.

4.        Nielsen denies the allegations in paragraph 4.

5.        Nielsen denies the allegations in paragraph 5.

6.        Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 6 and on that basis denies them, except that Nielsen denies the first sentence of paragraph 6.

7.        Nielsen denies the allegations in paragraph 7.

8.      Nielsen denies the allegations in paragraph 8, except that Nielsen admits that Managing Director for Nielsen Audio, Rich Tunkel, spoke with Vice President, Corporate Strategy & Development of Cumulus Media and President of Westwood One, Collin Jones, on July 25, 2025, and refers to the email Mr. Tunkel sent Mr. Jones following that conversation for a complete and accurate account of its contents.

9.      Nielsen denies the allegations in paragraph 9.

10.      Nielsen denies the allegations in paragraph 10.

11.      Nielsen denies the allegations in paragraph 11, except that Nielsen admits that Cumulus sent Nielsen a letter on August 18, 2025, and refers to that letter for a complete and accurate account of its contents.

12.      Nielsen denies the allegations in paragraph 12.

13.      Nielsen denies the allegations in paragraph 13, except that Nielsen admits that Nielsen sells standalone Nationwide reports to national networks without shared-ownership local radio stations.

14.      Nielsen denies the allegations in paragraph 14, except that Nielsen admits that it does not provide prices for local radio ratings data from each geography for any customer, including Cumulus.

15.      Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 and on that basis denies them, except that Nielsen denies the allegations in the first sentence of paragraph 15.

16.      Nielsen denies the allegations in paragraph 16.

17.     Nielsen denies the allegations in paragraph 17, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

18.     Paragraph 18 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 18.

19.     Nielsen denies the allegations in paragraph 19, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

20.     Nielsen denies the allegations in paragraph 20.

21.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 21 and on that basis denies them.

22.     Paragraph 22 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 22.

23.     Nielsen denies the allegations in paragraph 23.

24.     Nielsen denies the allegations in paragraph 24.

<u>**ANSWER TO THE "PARTIES" ALLEGATIONS**</u>

25.     Nielsen admits the allegations in paragraph 25.

26.     Nielsen admits the allegations in paragraph 26.

27.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27 and on that basis denies them.

28.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28 and on that basis denies them.

29.     Nielsen admits the allegations in paragraph 29.

30.     Nielsen denies the allegations in paragraph 30, except that Nielsen admits that it engages in sales, marketing, distribution, technical support, and customer service related to its radio ratings products in the United States.

31.     Nielsen denies the allegations in paragraph 31.

32.     Nielsen admits the allegations in paragraph 32.

33.     Paragraph 33 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 33.

### ANSWER TO "JURISDICTION, VENUE AND COMMERCE" ALLEGATIONS

34.     Paragraph 34 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 34.

35.     Paragraph 35 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 35.

36.     Paragraph 36 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 36.

37.     Paragraph 37 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 37, except that Nielsen admits that it maintains a place of business at 675 6th Avenue New York, NY 10010.

38.     Paragraph 38 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 38, except that Nielsen admits that it sells local and national radio ratings data in the United States.

39.     Nielsen denies the allegations in paragraph 39.

### ANSWER TO "NIELSEN'S ANTI-COMPETITIVE CONDUCT" ALLEGATIONS

40.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 40 and on that basis denies them, except that

Nielsen admits that radio broadcasting today includes local radio stations and national networks, which are at times owned by the same company.

41.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 41 and on that basis denies them.

42.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 42 and on that basis denies them.

43.    Paragraph 43 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 43.

44.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 44 and on that basis denies them.

45.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 45 and on that basis denies them.

46.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 46 and on that basis denies them, except that Nielsen admits that some industry participants, like Cumulus and iHeartMedia, Inc., own both national networks and local radio stations.

47.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 47 and on that basis denies them.

48.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 48 and on that basis denies them.

49.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 49 and on that basis denies them.

50.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 50 and on that basis denies them.

51.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 51 and on that basis denies them.

52.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 52 and on that basis denies them.

53.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 53 and on that basis denies them.

54.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 54 and on that basis denies them.

55.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 55 and on that basis denies them, except that Nielsen admits that its Nationwide report can be analyzed by Act 1's software.

56.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 56 and on that basis denies them, except that Nielsen admits that it sells Tapscan software, and that customers can use the software to analyze Nielsen's local radio ratings data, run queries, and run reports.

57.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 57 and on that basis denies them.

58.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 58 and on that basis denies them.

59.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 59 and on that basis denies them.

60.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 60 and on that basis denies them, except that Nielsen denies the allegations in the first sentence of paragraph 60.

61.    Nielsen denies the allegations in paragraph 61.

62.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 62 and on that basis denies them.

63.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 63 and on that basis denies them.

64.    Nielsen denies the allegations in paragraph 64, except that Nielsen admits that it provides local radio ratings data in both summary-level and respondent-level formats, and that summary-level data offer a broad snapshot of the audience and respondent-level data provide information at a higher level of specificity, including based on zip code.

65.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 65 and on that basis denies them, except that Nielsen admits that it sells Tapscan software, that customers can use Tapscan to access Nielsen data, and that Tapscan only accepts Nielsen radio ratings data.

66.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 66 and on that basis denies them.

67.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 67 and on that basis denies them.

68.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 68 and on that basis denies them.

69.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 69 and on that basis denies them.

70.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 70 and on that basis denies them.

71.    Nielsen denies the allegations in paragraph 71, except that Nielsen admits it uses Portable People Meters ("PPM") to gather radio ratings data.

72.    Nielsen denies the allegations in paragraph 72, except that Nielsen admits it uses Continuous Diary Measurement ("CDM") to gather radio ratings data.

73.    Nielsen denies the allegations in paragraph 73, except that Nielsen admits that its Nationwide report can be analyzed by Act 1's software.

74.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 74 and on that basis denies them.

75.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 75 and on that basis denies them.

76.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 76 and on that basis denies them.

77.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 77 and on that basis denies them.

78.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 78 and on that basis denies them, except that Nielsen denies the allegations in the first sentence of paragraph 78.

79.    Nielsen denies the allegations in paragraph 79.

80.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 80 and on that basis denies them.

81.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 81 and on that basis denies them.

82.     Nielsen denies the allegations in paragraph 82, except that Nielsen admits the allegations in the second sentence of paragraph 82.

83.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 83 and on that basis denies them, except that Nielsen admits that its Nationwide report can be analyzed by Act 1's software and that its local radio ratings data can be analyzed by Tapscan's software.

84.     Nielsen denies the allegations in paragraph 84, and refers to the parties' 2023-2025 Services Agreement for a complete and accurate account of its contents.

85.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 85 and on that basis denies them, except that Nielsen admits that Nielsen's predecessor Nielsen Holdings N.V. acquired Arbitron Inc. in 2013.

86.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 86 and on that basis denies them, except that Nielsen admits that Eastlan is a competitor that provides radio ratings data and that Eastlan has the ability, willingness, and incentive to enter a new geography with even a single local radio station purchasing its data.

87.     Nielsen denies the allegations in paragraph 87.

88.     Paragraph 88 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 88.

89.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 89 and on that basis denies them.

90.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 90 and on that basis denies them.

91.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 91 and on that basis denies them.

92.     Nielsen denies the allegations in paragraph 92, except that Nielsen admits that it provides local radio ratings data in both summary-level and respondent-level formats, and that summary-level data offer a broad snapshot of the audience and respondent-level data provide information at a higher level of specificity, including based on zip code.

93.     Nielsen denies the allegations in paragraph 93, except that Nielsen admits that it sells Tapscan software, that customers can use Tapscan software to analyze and export Nielsen's local radio ratings data, and that Tapscan software cannot be used to parse the Nationwide report.

94.     Paragraph 94 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 94, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

95.     Paragraph 95 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 95, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

96.     Paragraph 96 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 96, except

that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

97.     Paragraph 97 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 97, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

98.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 98 and on that basis denies them.

99.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 99 and on that basis denies them.

100.    Nielsen denies the allegations in paragraph 100.

101.    Paragraph 101 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 101.

102.    Nielsen denies the allegations in paragraph 102.

103.    Paragraph 103 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 103.

104.    Paragraph 104 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 104.

105.    Paragraph 105 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 105.

106.    Paragraph 106 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 106.

107.    Paragraph 107 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 107.

108.    Nielsen denies the allegations in paragraph 108, except that Nielsen admits that its Nationwide report covers various geographic areas.

109.    Paragraph 109 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 109.

110.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 110 and on that basis denies them.

111.    Paragraph 111 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 111, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

112.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 112 and on that basis denies them, except that Nielsen admits that Eastlan is a competitor that provides radio ratings data and that Eastlan has the ability, willingness, and incentive to enter a new geography if even a single local radio station is willing to purchase its data.

113.    Paragraph 113 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 113.

114.    Paragraph 114 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 114.

115.    Paragraph 115 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 115.

116.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 116 and on that basis denies them.

117.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 117 and on that basis denies them.

118.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 118 and on that basis denies them.

119.    Paragraph 119 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 119, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

120.    Nielsen denies the allegations in paragraph 120, except that Nielsen admits that it sent an email announcing the Network Policy in September 2024 and refers to that email for a complete and accurate account of its contents.

121.    Nielsen denies the allegations in paragraph 121.

122.    Nielsen denies the allegations in paragraph 122, except that Nielsen admits that Cumulus sent Nielsen a letter on August 18, 2025, and refers to that letter for a complete and accurate account of its contents.

123.    Nielsen denies the allegations in paragraph 123.

124.    Nielsen denies the allegations in paragraph 124.

125.    Nielsen denies the allegations in paragraph 125, except that Nielsen admits that it does not provide prices for local radio ratings data from each geography for any customer, including Cumulus.

126.    Paragraph 126 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 126.

127.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 127 and on that basis denies them.

128.    Nielsen denies the allegations in paragraph 128, except that Nielsen admits that Managing Director for Nielsen Audio, Rich Tunkel, spoke with Vice President, Corporate Strategy & Development of Cumulus Media and President of Westwood One, Collin Jones, on July 25, 2025 and refers to the email Mr. Tunkel sent Mr. Jones following that conversation for a complete and accurate account of its contents.

129.    Paragraph 129 contains legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 129.

130.    Paragraph 130 contains legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 130, except that Nielsen admits that Eastlan is a competitor that provides radio ratings data and that Eastlan has the ability, willingness, and incentive to enter a new geography if even a single local radio station is willing to purchase its data.

131.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 131 and on that basis denies them.

132.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 132 and on that basis denies them.

133.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 133 and on that basis denies them.

134.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 134 and on that basis denies them.

135.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 135 and on that basis denies them.

136.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 136 and on that basis denies them.

137.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 137 and on that basis denies them.

138.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 138 and on that basis denies them.

139.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 139 and on that basis denies them.

140.    Paragraph 140 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 140, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

141.    Nielsen denies the allegations in paragraph 141.

142.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 142 and on that basis denies them, except that Nielsen admits that Eastlan would be willing to enter a geography if Cumulus's local radio stations purchased Eastlan's local radio ratings data.

143.    Paragraph 143 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 143.

144.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 144 and on that basis denies them.

145.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 145 and on that basis denies them.

146.     Nielsen denies the allegations in paragraph 146.

147.     Paragraph 147 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 147.

148.     Paragraph 148 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 148.

149.     Paragraph 149 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 149.

150.     Paragraph 150 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 150.

151.     Paragraph 151 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 151.

152.     Nielsen denies the allegations in paragraph 152.

153.     Nielsen denies the allegations in paragraph 153.

### ANSWER TO "ANTICOMPETITIVE EFFECTS AND COMPETITIVE HARM" ALLEGATIONS

154.     Paragraph 154 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 154.

155.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 155 and on that basis denies them.

156.    Paragraph 156 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 156, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

157.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 157 and on that basis denies them.

158.    Paragraph 158 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 158.

159.    Nielsen denies the allegations in paragraph 159.

160.    Nielsen denies the allegations in paragraph 160.

161.    Nielsen denies the allegations in paragraph 161.

162.    Paragraph 162 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 162.

163.    Paragraph 163 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 163.

164.    Paragraph 164 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 164, except that Nielsen is without sufficient knowledge or information to form a belief as to their truth or falsity concerning other parties and on that basis denies them.

165.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 165 and on that basis denies them.

## ANSWER TO "FIRST CLAIM FOR RELIEF" ALLEGATIONS

166.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 166.

167.    Paragraph 167 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 167.

168.    Paragraph 168 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 168.

169.    Paragraph 169 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 169.

170.    Paragraph 170 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 170.

171.    Paragraph 171 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 171.

172.    Paragraph 172 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 172.

173.    Paragraph 173 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 173.

174.    Paragraph 174 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 174.

175.    Paragraph 175 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 175.

176.    Paragraph 176 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 176.

177.    Paragraph 177 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 177.

178.    Paragraph 178 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 178.

179.    Paragraph 179 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 179.

180.    Paragraph 180 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 180, and denies that Cumulus is entitled to equitable relief or any other form of relief whatsoever.

## ANSWER TO "SECOND CLAIM FOR RELIEF" ALLEGATION

181.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 181.

182.    Paragraph 182 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 182.

183.    Paragraph 183 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 183.

184.    Paragraph 184 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 184.

185.    Paragraph 185 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 185.

186.    Nielsen denies the allegations in paragraph 186.

187.    Nielsen denies the allegations in paragraph 187.

188.    Paragraph 188 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 188.

189.    Paragraph 189 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 189.

190.    Paragraph 190 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 190.

191.    Paragraph 191 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 191.

192.    Paragraph 192 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 192.

193.    Paragraph 193 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 193, and denies that Cumulus is entitled to equitable relief or any other form of relief whatsoever.

194.    Paragraph 194 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 194, and denies that Cumulus is entitled to damages or disgorgement in any form or amount or any other form of relief whatsoever.

### ANSWER TO "THIRD CLAIM FOR RELIEF" ALLEGATION

195.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 195.

196.    Paragraph 196 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 196.

197.     Paragraph 197 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 197.

198.     Paragraph 198 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 198.

199.     Paragraph 199 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 199.

200.     Nielsen denies the allegations in paragraph 200.

201.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 201 and on that basis denies them.

202.     Nielsen denies the allegations in paragraph 202.

203.     Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 203 and on that basis denies them.

204.     Paragraph 204 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 204.

205.     Paragraph 205 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 205.

206.     Paragraph 206 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 206.

207.     Paragraph 207 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 207.

208.     Paragraph 208 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 208.

209.    Paragraph 209 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 209, and denies that Cumulus is entitled to equitable relief or any other form of relief whatsoever.

210.    Paragraph 210 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 210, and denies that Cumulus is entitled to damages or disgorgement in any form or amount or any other form of relief whatsoever.

### ANSWER TO "FOURTH CLAIM FOR RELIEF" ALLEGATION

211.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 211.

212.    Paragraph 212 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 212.

213.    Paragraph 213 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 213.

214.    Paragraph 214 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 214.

215.    Paragraph 215 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 215.

216.    Paragraph 216 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 216.

217.    Paragraph 217 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 217.

218.    Paragraph 218 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 218, and denies that Cumulus is entitled to equitable relief in any form or any other form of relief whatsoever.

219.    Paragraph 219 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 219, and denies that Cumulus is entitled to damages or disgorgement in any form or amount or any other form of relief whatsoever.

## **ANSWER TO "FIFTH CLAIM FOR RELIEF" ALLEGATION**

220.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 220.

221.    Paragraph 221 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 221.

222.    Nielsen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 222 and on that basis denies them.

223.    Paragraph 223 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 223.

224.    Paragraph 224 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 224.

225.    Paragraph 225 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 225.

226.    Paragraph 226 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 226.

227.    Paragraph 227 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 227.

228.    Paragraph 228 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 228, and denies that Cumulus is entitled to any form of injunctive relief or any other form of relief whatsoever.

## <u>ANSWER TO "SIXTH CLAIM FOR RELIEF" ALLEGATION</u>

229.    Nielsen repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.  To the extent any further response is required, Nielsen denies the allegations in paragraph 229.

230.    Paragraph 230 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 230.

231.    Paragraph 231 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 231.

232.    Paragraph 232 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 232, and denies that Cumulus is entitled to declaratory relief or any other form of relief whatsoever.

233.    Paragraph 233 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 233.

234.    Paragraph 234 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 234.

235.    Paragraph 235 states legal conclusions as to which no response is required.  To the extent any further response is required, Nielsen denies the allegations in paragraph 235.

## ANSWER TO "PRAYER FOR RELIEF"

236.    Nielsen denies that Cumulus is entitled to any form of injunction, any form of favorable judgement, any amount or form of damages, or any other form of relief whatsoever.

237.    Nielsen denies the allegations in paragraph 237, and denies that Cumulus is entitled to a permanent injunction, or any form of injunction, against Nielsen.

238.    Nielsen denies the allegations in paragraph 238, and denies that Cumulus is entitled to any judgment in its favor.

239.    Nielsen denies the allegations in paragraph 239, and denies that Cumulus is entitled to any judgment in its favor.

240.    Nielsen denies the allegations in paragraph 240, and denies that Cumulus is entitled to any judgment in its favor.

241.    Nielsen denies the allegations in paragraph 241, and denies that Cumulus is entitled to any judgment in its favor.

242.    Nielsen denies the allegations in paragraph 242, and denies that Cumulus is entitled to any judgment in its favor.

243.    Nielsen denies the allegations in paragraph 243, and denies that Cumulus is entitled to declaratory relief or any other form of relief whatsoever.

244.    Nielsen denies the allegations in paragraph 244, and denies that Cumulus is entitled to any amount of damages or any other form of relief whatsoever.

245.    Nielsen denies the allegations in paragraph 245, and denies that Cumulus is entitled to any form of legal or equitable relief whatsoever.

## ANSWER TO DEMAND FOR JURY

246.    Nielsen hereby reserves the right to object to Cumulus's demand for a trial by jury on some or all of the issues raised in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Nielsen asserts the following defenses to the Complaint. Further, Nielsen reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

1.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

### Second Defense

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the injunctive relief sought in the Complaint.

### Third Defense

3.    Plaintiff's claims are barred, in whole or in part, because the relief sought by Plaintiff would be contrary to the public interest, including because it would harm business, inhibit parties' freedom to contract, and is otherwise inequitable or impractical.

### Fourth Defense

4.    Plaintiff's claims are barred, in whole or in part, because the relief sought is not administratively feasible.

### Fifth Defense

5.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its purported damages.

### Sixth Defense

6.     Plaintiff's claims are barred, in whole or in part, because the procompetitive benefits of the Network Policy clearly outweigh any alleged anticompetitive effects.

### Seventh Defense

7.     Plaintiff's claims are barred, in whole or in part, because the procompetitive benefits of the Subscriber First Policy clearly outweigh any alleged anticompetitive effects.

### Eighth Defense

8.     Plaintiff's claims are barred, in whole or in part, because the Network Policy advances Nielsen's legitimate business interests through, including but not limited to, protecting against the unauthorized use of Nielsen's proprietary data, and is thus justified.

### Ninth Defense

9.     Plaintiff's claims are barred, in whole or in part, because the Subscriber First Policy advances Nielsen's legitimate business interests through, including but not limited to, ensuring that only paying customers receive Nielsen's service, thus guaranteeing that Nielsen is wholly compensated for the services it provides, and is thus justified.

### Tenth Defense

10.     Plaintiff's anticompetitive product re-design claims are barred, in whole or in part, because the Subscriber First Policy advances Nielsen's legitimate business interests through, including but not limited to, protecting Nielsen's incremental innovation in its product design, and is thus justified.

### Eleventh Defense

11.     Plaintiff's claims are barred, in whole or in part, because forcing Nielsen to include non-subscribing stations in its radio ratings reports would violate the First Amendment's guarantee of freedom of speech.

**Twelfth Defense**

12.     Plaintiff's claims are barred, in whole or in part, because Nielsen's alleged conduct was not the proximate cause of Cumulus's alleged injury.

**Thirteenth Defense**

13.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks antitrust standing.

**Fourteenth Defense**

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any injury or damages due to any alleged anticompetitive conduct by Nielsen.

**Fifteenth Defense**

15.     Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege harm to competition and/or an injury to the competitive process, as opposed to an injury to its individual economic interests.

**Sixteenth Defense**

16.     Plaintiff's claims are barred, in whole or in part, for failure to allege any plausible harm to consumers.

**Seventeenth Defense**

17.     Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege legally cognizable relevant product markets or geographic markets.

**Eighteenth Defense**

18.     Plaintiff's claims are barred, in whole or in part, because Nielsen does not possess market power and/or monopoly power in any properly defined product or geographic market.

**Nineteenth Defense**

19.    Plaintiff's claims are barred, in whole or in part, because Nielsen has not engaged in any exclusionary conduct in any properly defined product or geographic market.

**Twentieth Defense**

20.    Plaintiff's claims are barred, in whole or in part, because Nielsen would not have lost any alleged monopoly power in any relevant market but for the conduct challenged in the Complaint.

**Twenty-First Defense**

21.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove anticompetitive effects stemming from the conduct alleged in the Complaint.

**Twenty-Second Defense**

22.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege any non-price mechanism of exclusion of competition and does not allege below-cost pricing and recoupment.

**Twenty-Third Defense**

23.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege an injury that is not too remote from or duplicative of an injury sustained by another party.

**Twenty-Fourth Defense**

24.    Plaintiff's claims are barred, in whole or in part, because the Complaint does not allege injuries that translate reasonably into quantifiable damages or is too speculative or relies on an indirect chain of causation.

**Twenty-Fifth Defense**

25.    Plaintiff's claims are barred, in whole or in part, because Nielsen has no duty to deal with Plaintiff on terms and conditions it would prefer.

## Twenty-Sixth Defense

26.     Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege an antitrust injury.

## COUNTERCLAIMS OF THE NIELSEN COMPANY (US), LLC

Counterclaim Plaintiff Nielsen by and through its undersigned attorneys, alleges as follows in support of its counterclaims against Counterclaim Defendant Cumulus, based on its personal knowledge, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.     Cumulus has engaged in an illicit pressure campaign to extract favorable contract terms from Nielsen and undermine Nielsen's position in the radio ratings market.  While Cumulus was stringing Nielsen along during negotiations for a new services agreement to begin in 2026, behind the scenes, Cumulus intentionally and in bad faith breached multiple provisions of its existing contract with Nielsen by secretly handing over Nielsen's crown jewels—its proprietary and confidential radio ratings data—to Nielsen's direct competitor.  Armed with that information, Nielsen's competitor can now gain an unfair advantage in the battle for the radio ratings market.  Nielsen must be made whole for Cumulus's clear breach of contract and for unfairly and deliberately disclosing Nielsen's competitively sensitive business information.

2.     Nielsen faithfully provided Cumulus with radio audience measurement data since 1997, most recently under a Services Agreement effective from January 1, 2023 through December 31, 2025 (the "2023 Services Agreement").

3.     Since May 2025, the parties have attempted to negotiate a contract renewal to begin in 2026.  Nielsen offered numerous proposals designed to satisfy Cumulus's request for lower prices and reduce Cumulus's financial commitment, including flexible offers to right-size Cumulus's package according to its cost-cutting goals.  Cumulus largely refused to engage with

or counter Nielsen's offers.  Rather than negotiate in good faith, Cumulus has pursued an illegitimate, multifront pressure campaign to demand contract terms that Nielsen simply does not offer and to undermine Nielsen's positioning in the marketplace.

4.      On one front, Cumulus retained counsel and launched a lawfare campaign, threatening antitrust litigation unless Nielsen capitulated to its demands, even though Nielsen has no obligation to renew its contract with Cumulus.  On October 16, 2025, Cumulus filed an antitrust complaint asking the Court to order Nielsen to offer pricing and terms that Nielsen does not offer.  On another front, and while maintaining a façade of contract negotiations, Cumulus secretly and intentionally supplied Nielsen's confidential and proprietary information obtained under the parties' 2023 Services Agreement ("Nielsen Information") to a competitor of Nielsen's, Eastlan Ratings ("Eastlan").  Nielsen fiercely protects this valuable proprietary information with contractual restrictions and other measures, including as part of the 2023 Services Agreement.  By sharing this Nielsen Information with Eastlan, Cumulus has, illicitly and in bad faith, facilitated Eastlan's growth and expansion at Nielsen's expense by providing valuable information and competitive insights that Eastlan would not have had but for Cumulus's improper conduct.

5.      Nielsen creates its radio ratings data in a cost-intensive process by collecting radio listening data from hundreds of individual local markets, applying a series of complex, proprietary, and confidential processes, metrics, and algorithms to validate and weight the data, and compiling the results.  Nielsen's data is valued in the marketplace, in part, because of these costly proprietary processes which subscribers rely upon, as well as Nielsen's extensive experience and expertise that it has developed over many years.  Access to and analysis of Nielsen Information allows Eastlan to benchmark against Nielsen Information and improve its

own measurements and optimize its data for use in radio advertising sales without engaging in those same costly exercises.

6.    By sharing Nielsen's confidential and proprietary data with Eastlan, Cumulus breached the 2023 Services Agreement.  Cumulus must make Nielsen whole for the harm it has caused Nielsen through its clear breaches of contract and bad faith use of Nielsen's data to support a competitor.

## THE PARTIES

7.    Counterclaim Plaintiff Nielsen is a Delaware limited liability company with its headquarters located at 675 6th Avenue, New York, NY 10010.

8.    On information and belief, Counterclaim Defendant Cumulus is a Delaware corporation with its headquarters located at 780 Johnson Ferry Rd NE, Suite 500, Atlanta, GA 30342.

## JURISDICTION, VENUE, AND GOVERNING LAW

9.    This Court has supplemental jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1367(a) because Nielsen's claims against Cumulus are part of the same case or controversy as Cumulus's complaint against Nielsen.  This Court also has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201.

10.    Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Cumulus (1) commenced the underlying action in this judicial district thereby submitting itself to the jurisdiction of this Court and (2) has sufficient minimum contacts with New York to render the exercise of jurisdiction by New York courts permissible under traditional notions of fair play and substantial justice.

11.     Furthermore, pursuant to the 2023 Services Agreement, which is governed by the laws of the State of New York, Cumulus consented to "█████████████████████" in New York.  *See* Ex. 1, Art. 7.11.

## FACTUAL ALLEGATIONS

**A.  Nielsen's Radio Ratings Business.**

12.     Nielsen is a consumer research company that produces audience measurement data and provides that data and analytics across multiple entertainment media, including radio and podcasts.  Nielsen's audio business, Nielsen Audio, collects and measures audience exposure to audio media, including radio, streams of those radio stations, and podcasts, by gathering audience listening data in hundreds of local markets.  Nielsen then validates this data, using a series of complex, proprietary, and confidential processes, metrics, and algorithms.  Nielsen's data is valued in the marketplace, in part, because of these costly proprietary processes upon which subscribers rely.

13.     Nielsen releases audience measurement data in local reports as well as a bi-annual "Nationwide" report.  Nielsen distributes its reports to customers that license its data, including broadcasters, podcast companies, satellite radio companies, third-party data processors, and third-party data resellers.  Some of Nielsen's customers purchase only Nielsen's local reports, while others purchase only Nielsen's Nationwide reports.  A subset of Nielsen's customers purchase both its local and Nationwide reports.  In licensing its reports, Nielsen "████████ ████████████████████████████" over the proprietary and confidential information therein.  *See* Ex. 1, Art. 1.1(a).

14.     Given the costly and time-intensive process Nielsen undertakes to create its data, as well as the incorporation of Nielsen's valuable intellectual property and know-how in developing the data, Nielsen fiercely protects the confidential nature of its data, as reflected by

the instant counterclaims. Nielsen protects this data through confidentiality provisions included in each of its agreements with subscribers, including Cumulus. These provisions allow Nielsen to reinforce the value and integrity of its products and combat free-riding by unlicensed entities, including competitors seeking to benefit from unauthorized access to Nielsen's data. Dissemination of Nielsen's data in a manner inconsistent with the terms of Nielsen's license agreements would diminish the value and integrity of Nielsen's data to its customers and allow competitors to coopt Nielsen's efforts and investments in the accuracy of its data, thereby harming Nielsen's business in both the short and long run. To prevent unauthorized dissemination of Nielsen Information, Nielsen has enacted policies to protect against unauthorized use of Nielsen Information, and litigated[1] to enforce its confidentiality provisions. For example, Nielsen prohibits subscribers from sharing Nielsen Information with any "███" absent ███████████████████████████," *see* Ex. 1, Art. 3.3, or any "████████████████████████████," *see* Ex. 1, Art. 3.1. Nielsen also requires that upon "█████████████" of the Services Agreement, subscribers "██████████" and "███████" or "██████" any Nielsen Information they have. *See* Ex. 1, Art. 6.2.

### B. Nielsen and Cumulus's Contractual Relationship

15.     On information and belief, Cumulus is a national communications network and a top-level operating company that owns Cumulus Radio Corporation and Westwood One. Cumulus operates 395 local radio stations across the United States in approximately eighty

---

[1] *See, e.g.*, *Arbitron Inc. v. Saga Commc'ns Inc. et al.*, No. 13-cv-00923 (D. Del.) (action concerning unauthorized use of data).

different geographic markets.  Cumulus also operates its national network, Westwood One.  As part of its business, Cumulus sells radio and digital advertising.

16.     Cumulus began purchasing Nielsen's reports in or around 1997.  Since 1997, Cumulus has renewed its relationship with Nielsen to license Nielsen's radio audience measurement data approximately nine times.

17.     In the summer of 2022, Cumulus and Nielsen began negotiations over a renewed services agreement for the provision of local and national audio ratings products.  On March 8, 2023, the parties executed the 2023 Services Agreement, a three-year contract beginning in 2023 for the provision of Nielsen's local and Nationwide reports as well as ancillary services.

18.     Article 1.1 of the 2023 Services Agreement provides that " ███████████ ██████████████████████████████████████████████████████."  *See* Ex. 1, Art. 1.1. Further, Article 1.1(a) establishes that the information provided thereunder " ████████ ███████████████████████████████████████████████████ ██████████████ "  *See* Ex. 1, Art. 1.1(a).

19.     Pursuant to Article 1.2 of the 2023 Services Agreement, Cumulus expressly agreed it " █████████████████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████ "  *See* Ex. 1, Art. 1.2.  Pursuant to Schedule 3 of the 2023 Services Agreement, Westwood one is Cumulus's " ███████ "

20.     Article 3.1 of the 2023 Services Agreement establishes that Nielsen's products and services are provided to Cumulus " ██████████████████████ " with limited exceptions for data that is both " ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████. *See* Ex. 1, Art. 3.1.  Those exceptions

are inapplicable to this case.

21.    Per Article 3.1, Cumulus expressly acknowledged that the Nielsen Information is

"████████████████████████████████████" and Cumulus agreed "█████████████

████████████████████" through "████████████" or otherwise, "██████████████

████████████"  *See* Ex. 1, Art. 3.1.

22.    Pursuant to Article 3.2 of the 2023 Services Agreement, Cumulus agreed not to

"████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████"  *See* Ex. 1, Art. 3.2.

23.    And Article 3.3 prohibits Cumulus from "████████████████████████████

████████████████████████████████████████████████████████

████"  *See* Ex. 1, Art. 3.3.

24.    Article 6.2 of the 2023 Services Agreement provides that "████████████████

████████" of the 2023 Services Agreement, Cumulus "█████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████" and that Cumulus "███████████████

████████████████████████████████████████████████████████

████████████████████████████"  Article 6.2 goes on to provide ████████████████

████████████████████████████████████████████████████████

████████████████████████████████.

25.     Article 7.9 of the 2023 Services Agreement provides that for "███████████

███████████████████████" of the 2023 Services Agreement, Nielsen "█████████

████████████████████████████████████████████████████████

█████████████████████████" *See* Ex. 1, Art. 7.9.

**C. Cumulus's Campaign to Undermine Nielsen's Business.**

26.     Pursuant to the 2023 Services Agreement, Nielsen provided Cumulus with local and Nationwide ratings data for the January 2023 through December 2025 contract period. Cumulus, like other Nielsen customers, received local and Nationwide audio audience measurement data on a monthly, quarterly, and bi-annual basis based on the products to which it subscribed.

27.     In or around March 2025, during the period of the 2023 Services Agreement, Cumulus began preparing a multifront pressure campaign designed to force Nielsen to provide contract terms that Nielsen does not offer and to undermine Nielsen's business.

28.     As described above, one prong of that campaign was the filing of a lawsuit in this Court on October 16, 2025.

29.     The second prong of Cumulus's campaign was to undermine Nielsen's business by benefitting a competitor, including by intentionally arming that competitor with Nielsen's confidential and proprietary data, in violation of the 2023 Services Agreement. Indeed, while it was ginning up its October 16 complaint, and while negotiating with Nielsen, Cumulus was already preparing to drop its Nielsen services in favor of a competitor, Eastlan. Unbeknownst to Nielsen, as part of that effort, Cumulus shared Nielsen's confidential and proprietary information with Eastlan deliberately to aid Eastlan's development of competing products and services, to the detriment of Nielsen, and in furtherance of Cumulus's own interests.

30.     On information and belief, Eastlan is the second largest radio ratings firm, providing market research covering sixty-five local radio listening markets in either monthly or annual reports.  Eastlan touts its ability to provide radio audience measurement data for new markets with only one subscriber and its potential to create a nationwide audience measurement product in one year with only one subscriber.

31.     On information and belief, in early 2025, Cumulus approached Eastlan to purchase audience measurement data from Eastlan, during the time period in which Cumulus was receiving ratings data from Nielsen.  At that time, Eastlan did not provide ratings data for many of the local markets in which Cumulus was interested, and did not provide a national ratings product.  Cumulus then explored with Eastlan the possibility of expanding its local offerings and creating a comparable product to Nielsen's Nationwide report.  To facilitate those efforts, Cumulus and Westwood One Chief Insights Officer Pierre Bouvard sent an e-mail to Eastlan Chief Executive Officer Michael Gould attaching Nielsen's confidential and proprietary ratings data.[2]  Without Cumulus sharing this information with Eastlan, Eastlan would not have had access to this Nielsen Information.

32.     Cumulus, through Bouvard, shared Nielsen's data expressly intending to facilitate the growth and expansion of competing Eastlan products.  For example, this access to Nielsen data allows Eastlan to benchmark its data against Nielsen's to improve its own measurements, optimize its data for use in radio advertising sales without engaging in those same costly exercises, and market its data to customers.  Cumulus, a sophisticated national communications network, fully understood—and deliberately pursued—the deleterious effects such disclosure

---

[2] Eastlan Chief Executive Officer Michael Gould's December 11, 2025 testimony, public portions of which are hereby incorporated by reference, attested to this fact.  *See* Dkt. 147.

would have on Nielsen's business, including the harm to Nielsen's relationships with other customers.

33.     By sharing the Nielsen Information with Eastlan, Cumulus breached Articles 1.1, 3.1, 3.2, and 3.3 of the 2023 Services Agreement.  As a result of Cumulus's clear breach of contract, Nielsen has been harmed because a competitor obtained an unfair competitive advantage through improper access to Nielsen's proprietary, confidential, and valuable information, which that competitor used to enhance its products and marketing efforts.  If Cumulus's conduct goes unchecked, Nielsen will suffer a disadvantage in the marketplace as competitors steal Nielsen's confidential information, thereby gaining an advantage at Nielsen's expense.

## **FIRST COUNTERCLAIM**

### **Breach of Contract – Articles 1.1, 3.1, 3.2, and 3.3**

34.     Nielsen repeats and realleges every allegation as if fully set forth herein.

35.     The 2023 Services Agreement is a binding and enforceable contract between Nielsen and Cumulus.  *See* Ex. 1.

38.     Article 3.1 of the 2023 Services Agreement states "████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████████████" *See* Ex. 1,

Art. 3.1.

39.    Article 3.1 further states ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████" other than as provided in this

Agreement, through "████████████" or otherwise, "█████████████████████████"

*See* Ex. 1, Art. 3.1.

40.    Article 3.2 of the 2023 Services Agreement states Cumulus "████████████

████████████████████████████████████████████████████

█████████████████████" *See* Ex. 1, Art. 3.2.

41.    Article 3.3 of the 2023 Services Agreement states ███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████"

*See* Ex. 1, Art. 3.3.

42.    During the entire contract period of January 1, 2023 through December 31, 2025,

Nielsen faithfully performed its duties under the 2023 Services Agreement and provided

Cumulus with Nielsen's proprietary data through its products and services, including in

November and December of 2025.

43.    While the 2023 Services Agreement was operative, Cumulus-owned Westwood

One willfully and deliberately disclosed Nielsen's proprietary data to Nielsen's competitor,

Eastlan.

44.    Cumulus was aware of its contractual obligation not to share Nielsen Information with unauthorized third parties, which has been in place since 1997, and deliberately disclosed Nielsen's valuable, proprietary, and confidential data to Nielsen's competitor, Eastlan, for Cumulus's own benefit.

45.    By supplying Eastlan with Nielsen's confidential proprietary data, Cumulus failed to treat "█████████████████████████████████████████████ ███████" and breached its agreement not to "██████" or provide the Nielsen Information to any third party "███████████████████████████" in violation of *inter alia* Articles 1.1, 3.1, 3.2, and 3.3 of the 2023 Services Agreement.

46.    Cumulus's breaches of the 2023 Services Agreement have caused Nielsen to incur significant damages to be proven at trial, as well as irreparable harm by undermining Nielsen's business.

## SECOND COUNTERCLAIM

### Unfair Competition

47.    Nielsen repeats and realleges every allegation set forth in the preceding paragraphs.

48.    Article 1.1(a) of the 2023 Services Agreement establishes that the information provided thereunder "████████████████████████████████████████████ ██████████████████████████████████" *See* Ex. 1, Art. 1.1(a).

49.    Nielsen expends considerable time, resources, and labor to accumulate, verify, and weight radio audience measurement data which Nielsen provides as "███████████████ ███████████████████████" protected from disclosure "███████████████████████ ██████" *See* Ex. 1, Art. 3.1.

50.     As part of a campaign to undermine Nielsen's business, Cumulus, motivated by its own self-interest, engaged in and facilitated unfair competition by sharing Nielsen Information with a competing company, Eastlan, to facilitate Eastlan's entry into and expansion of competing products.

51.     Nielsen has been and continues to incur harm due to Cumulus intentionally abandoning its contractual obligations to Nielsen, and its willful and deliberate disclosure of Nielsen's proprietary and confidential data to a competitor.  Cumulus has caused and will continue to cause Nielsen to suffer substantial monetary damages, in an amount to be determined at trial, as well as irreparable harm to its business.

## THIRD COUNTERCLAIM

### Declaratory Judgment

52.     Nielsen repeats and realleges every allegation set forth in the preceding paragraphs.

53.     Cumulus entered the 2023 Services Agreement with Nielsen, pursuant to which Nielsen provided Cumulus with confidential and proprietary Nielsen Information.

54.     Nielsen seeks a Declaratory Judgment that Cumulus breached the 2023 Services Agreement, including but not limited to Articles 1.1, 3.1, 3.2, and 3.3, by impermissibly supplying Nielsen's competitor Eastlan with Nielsen Information, and that because of Cumulus's breach, Cumulus is required to comply with Article 6.2 of the 2023 Services Agreement, requiring Cumulus to ███████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████ .

55.     An actual and justiciable controversy exists between the parties regarding whether

Cumulus breached the 2023 Services Agreement and whether Cumulus must comply with

Article 6.2 of the same.

56.     Pursuant to 28 U.S.C. § 2201, Nielsen seeks a declaration of its rights and legal

relations under the 2023 Services Agreement, specifically that Cumulus breached *inter alia*

Articles 1.1, 3.1, 3.2, and 3.3 of that Agreement and must comply with Article 6.2 of that

Agreement.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Nielsen prays for relief as follows:

i.     That the Complaint against Nielsen be dismissed in its entirety, with prejudice;

ii.     That Nielsen be awarded its attorneys' fees and costs and expenses of this suit;

iii.     That the Court issue a judgment for Nielsen in the amount of actual damages or other relief proven at trial, including all direct, indirect, and consequential damages, plus all applicable interest;

iv.     An order pursuant to 28 U.S.C. § 2201, declaring that Cumulus breached the 2023 Services Agreement;

v.     An order enjoining Cumulus from sharing Nielsen Information with any unlicensed party pursuant to Article 7.9 of the 2023 Services Agreement;

vi.     An order pursuant to 28 U.S.C. § 2201, declaring that Cumulus must cease all use of data obtained pursuant to the 2023 Services Agreement, ████████████████████████████████ ████████████ in accordance with Article 6.2 of the 2023 Services Agreement;

vii.     An order requiring Cumulus to cease all use of data obtained pursuant to the 2023 Services Agreement, to ████████ ████████████████████████████████████

████████████████████████████████████
███████████████████████; and

viii.    That the Court award such other and further relief to Nielsen as
the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant (Counterclaim Plaintiff) demands a trial by jury in this action of all issues so

triable.

Dated: February 2, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jefferson E. Bell*
    Jefferson E. Bell
    Kathryn N. Salvaggio
    200 Park Avenue, New York, NY 10166
    Email: JBell@gibsondunn.com
    Email: KSalvaggio@gibsondunn.com
    Telephone: (212) 351-4000

    Josh Lipton (admitted *pro hac vice*)
    1700 M Street, N.W.
    Washington, D.C.  20036-4504
    Email: JLipton@gibsondunn.com
    Telephone: (202) 955-8500

    Scott K.  Hvidt (admitted *pro hac vice*)
    2001 Ross Avenue, Suite 2100
    Dallas, Texas 75201
    Email: SHvidt@gibsondunn.com
    Telephone: (214) 698-3100

    *Attorneys for Defendant The Nielsen Company (US), LLC*