

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T:  +1 202 637 5600
F:  +1 202 637 5910
www.hlc.com

July 27, 2026

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

> **Re: *Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC*, Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y)**

Dear Judge Vargas:

Cumulus respectfully moves to enforce the Court's injunction order (the "Order").  The Order bars Nielsen from "charging a commercially unreasonable rate for its Nationwide Report as a complete, standalone product," and identifies a presumptively reasonable rate as "a rate that is equal to or lower than the highest annual 2026 rate Nielsen charges any broadcaster (whether network or local) for Nationwide."  Dkt. 133 at 46–47.  Yet two weeks after the Second Circuit affirmed the Order in full and lifted the stay, Nielsen still has not offered Cumulus any rate that complies with the Order.  Cumulus asks the Court to order Nielsen within two business days to provide a binding written offer for Nationwide, its national ratings product, at a rate consistent with this Court's Order.

On July 14—the day after the Second Circuit's decision—Cumulus asked Nielsen for "a standalone rate… consistent with the Court's order."  Email chain ending with an email dated July 27, 2026, attached as Exhibit A.  Nielsen responded that it intended to seek further appellate review, professed uncertainty about what Cumulus wanted, and demanded that Cumulus instead propose a price.  *Id.*  In response, Cumulus confirmed that it seeks Nationwide on a standalone basis for Westwood One and proposed a price of ███████—the prior contract price plus the parties' historical escalator, with a ██ additional annual escalator during the pendency of the parties' litigation.  *Id.*

Hogan Lovells Cadwalader US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells Cadwalader" is an international legal practice that includes Hogan Lovells Cadwalader International LLP and Hogan Lovells Cadwalader US LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Charlotte  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  Associated Offices:  Jakarta  Shanghai FTZ.  Business Services Centers:  Johannesburg  Louisville.  For more information see www.hlc.com.

Hon. Jeannette A. Vargas
July 27, 2026
Page 2

On July 20, Nielsen stated its intention to provide an offer by July 24, and Cumulus refrained from seeking relief in this Court in reliance on that representation.  July 24 passed without an offer or response to Cumulus's proposal.  After prompting, Nielsen repeated that an offer would arrive "as quickly as possible" but would not commit to a date certain or confirm that its contemplated rate would comply with the terms of the Court's Order.  Cumulus advised Nielsen that absent a compliant proposal by close of business on July 27 it would seek enforcement of the Order; Nielsen did not provide one.  *Id.*

The injunction was issued nearly seven months ago and confirmed after a lengthy appeal.  Nielsen already knows how to determine a compliant rate.  As the Second Circuit explained, Nielsen can identify a presumptively reasonable rate "by surveying the prices it charges other large network clients, either under current contracts or based on contracts negotiated this year." *Cumulus Media New Holdings Inc. v. Nielsen Co. (US), LLC*, No. 26-88, 2026 WL 2014972, at *20 (2d Cir. July 13, 2026).  Yet Nielsen still has not complied.  The injunction is fully in force, and Nielsen's announced plan to seek further review supplies no license to delay. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975).

Cumulus needs to confirm continued access to its essential Nationwide product now.  It has only a few short weeks of access to Nationwide remaining under its prior contract with Nielsen, and it is negotiating now with critical national advertisers on the expectation that Westwood One will retain access to Nationwide in the future.  Continued uncertainty over that access risks losses of additional customers, goodwill and market share—harm that drove the issuance of the Order in the first place, and that cannot be repaired later.  Dkt. 133 at 41–42; *Cumulus*, 2026 WL 2014972, at *17–18.  Further delay appears to be Nielsen's objective but it is ruinous for Cumulus.

The Court has broad authority to secure compliance with its orders.  *See SEC v. Collector's Coffee Inc.*, 602 F. Supp. 3d 488, 502 (S.D.N.Y. 2022); *United States v. Visa U.S.A., Inc.*, No. 98-cv-7076, 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007).  For the foregoing reasons, Cumulus respectfully requests that this Court order Nielsen to comply with the preliminary injunction within

Hon. Jeannette A. Vargas
July 27, 2026
Page 3


two (2) business days by proposing a commercially reasonable rate for standalone Nationwide consistent with the safe harbor and engaging in good-faith negotiations with Cumulus to finalize a contract.

Dated: July 27, 2026                                    Respectfully submitted,

                                                       */s/ Jennifer Fleury*
                                                       Jennifer Fleury (*pro hac vice admitted*)
                                                       Charles Loughlin (*pro hac vice admitted*)
                                                       Alisa Lu (*pro hac vice admitted*)
                                                       Ashley Ifeadike (*pro hac vice admitted*)
                                                       Jonathan Sussler (*pro hac vice admitted*)
                                                       HOGAN LOVELLS CADWALADER US LLP
                                                       555 Thirteenth Street, N.W.
                                                       Washington, D.C. 20004
                                                       Telephone: (202) 637-5600
                                                       Facsimile: (202) 637-5910
                                                       jennifer.fleury@hlc.com
                                                       chuck.loughlin@hlc.com
                                                       alisa.lu@hlc.com
                                                       ashley.ifeadike@hlc.com
                                                       jonathan.sussler@hlc.com

                                                       Claude G. Szyfer
                                                       HOGAN LOVELLS US LLP
                                                       390 Madison Avenue
                                                       New York, N.Y. 10017
                                                       Telephone: (212) 918-3000
                                                       Facsimile: (212) 918-3100
                                                       claude.szyfer@hlc.com

                                                       *Counsel for Plaintiff*
                                                       *Cumulus Media New Holdings Inc.*