# GIBSON DUNN

Joshua Lipton
Partner
T: +1 202.955.8226
JLipton@gibsondunn.com

July 31, 2026

<u>VIA ECF</u>

The Honorable Jeannette A. Vargas
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Cumulus Media New Holdings Inc. v. The Nielsen Company (US), LLC*, 1:25-cv-8581

Dear Judge Vargas:

We represent Defendant The Nielsen Company (US), LLC ("Nielsen") in the above-referenced action.  Pursuant to the Court's July 28, 2026 Order, Dkt. 192, and Rule 5(B) of the Court's Individual Rules and Practices in Civil Cases, Nielsen writes in response to Plaintiff Cumulus Media New Holdings Inc.'s ("Cumulus") motion to "enforce the Court's injunction order," which requests that the Court order Nielsen to provide an offer for its standalone Nationwide product for Cumulus's Westwood One business unit.  Dkt. 187 (the "Motion").

As discussed below, Cumulus's Motion lacks support in the Court's order and is not well-taken on the merits; but in any event, the Motion is moot because Nielsen transmitted an offer to Cumulus earlier today—within the time period that Nielsen had previously stated to Cumulus before it filed its Motion.

***Cumulus's Motion should be moot.***  Cumulus's Motion requests that the Court require Nielsen to transmit an offer for Nationwide within forty-eight (48) hours of the Court's order.  Dkt. 187 at 2–3.  Today (July 31, 2026), Nielsen made an offer for standalone Nationwide at a commercially reasonable rate to Cumulus for its Westwood One (national network) business.  Cumulus's Motion should therefore be considered moot.

***Nielsen has been negotiating with Cumulus in good faith.***  Since the Second Circuit published its opinion on July 13, 2026, CA2 Dkt. 84.1, Nielsen has been working diligently to develop an offer that complies with this Court's December 30, 2025 order, Dkt. 141 (the "Order" or the "Injunction").  Cumulus is aware of this effort—and was aware of it at the time it filed its Motion.  Over the past two weeks, Nielsen has repeatedly told Cumulus that it has been working in good faith to formulate an offer for standalone Nationwide (with no bundling or purchase conditions tied to any Local product).  In fact, hours before Cumulus filed the Motion, Nielsen told Cumulus that it would make an offer ***this week***, when it completed its business analysis.  That commitment is reflected in the correspondence Cumulus attached to its own Motion, *see* Dkt. 187-1 at 5–6, and was fulfilled by Nielsen's offer today.  Cumulus's Motion was thus an unnecessary

**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W. |  Washington, D.C. Washington, D.C. |  T: 202.955.8226  |  gibsondunn.com
6002671112.1

**GIBSON DUNN**

gambit to install this Court as referee over every aspect of what should be a commercial negotiation—down to who must make an offer and by what date. Now that Nielsen has made an offer, Cumulus's Motion is both unnecessary and moot.

Even if it were not moot, Cumulus's Motion should be denied because Nielsen has not violated any provision of the Order. The Order does not require Nielsen to make any offer at all, much less by a particular date that Cumulus selects. Absent a violation of the clear terms of the Order, Cumulus cannot carry its burden to show that enforcement is warranted. Further, Cumulus's Motion asks this Court to modify its Order—without justification—which would make this Court the arbiter of the parties' negotiating procedures. Nielsen respectfully requests that the Court decline Cumulus's invitation to dictate the terms and timing on which Nielsen must negotiate, and deny Cumulus's Motion.

**_Cumulus fails to meet the standard to enforce the Injunction._** Cumulus has not carried its burden to show that Nielsen violated the Injunction. "A motion to enforce may be granted where it is shown by a preponderance of the evidence that a court order has been violated." _S.E.C. v. Collector's Coffee Inc._, 602 F. Supp. 3d 488, 502 (S.D.N.Y. 2022) (citation modified). In considering a motion to enforce an injunction, the court "construe[s the] terms of an injunction according to the general interpretive principles of contract law," _In re Tronox Inc._, 855 F.3d 84, 107 (2d Cir. 2017), which means that the scope must be "ascertain[ed] from the four corners of the order," _Fonar Corp. v. Deccaid Servs., Inc._, 983 F.2d 427, 430 (2d Cir. 1993). _See also United States v. Armour & Co._, 402 U.S. 673, 682 (1971) ("[T]he scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it.").[1] Accordingly, "the explicit language of the decree is given great weight." _Berger v. Heckler_, 771 F.2d 1556, 1568 (2d Cir. 1985). Cumulus cannot meet its burden because the text of the Order, Dkt. 141, does not support its request for enforcement.

The plain meaning of this Court's Order does not require Nielsen to make an offer for its Nationwide Report to Cumulus at all, and certainly not by a date chosen by Cumulus. _See_ Dkt. 141. Had the Order done so, it would improperly cast the Court "as [the] central planner[], identifying the proper . . . terms of dealing," between the parties—a task courts are "ill suited" to perform. _Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc._, 555 U.S. 438, 452 (2009). The Court was explicit that it was avoiding exactly that, rejecting Cumulus's request that Nielsen sell the Nationwide Report to Cumulus at its demanded price, _see_ Dkt. 12 at 2, 27, and making clear that "Cumulus is not entitled to dictate the terms of a new contract with Nielsen for a different range of products and services." Dkt. 141 at 45. Instead, the Injunction contains two explicit prohibitions: (1) Nielsen may not apply its Network Policy, and (2) Nielsen may not "charg[e] a commercially unreasonable rate for its Nationwide Report as a complete, standalone product." Dkt. 141 at 46–47. Nielsen's offer today is consistent with both prohibitions. In any event, the correspondence attached to Cumulus's own Motion establishes that Nielsen is actively engaged in negotiations with Cumulus to offer its Nationwide Report on a standalone basis, is not enforcing

---

[1] It is well-established that "consent decrees are injunctions," _Barcia v. Sitkin_, 367 F.3d 87, 99 (2d Cir. 2004), so law relating to enforcement of consent decrees is applicable here.

**GIBSON DUNN**

July 31, 2026<br>Page 3

its Network Policy, and is keeping these negotiations separate from any negotiation regarding its Local market reports. *See* Dkt. 187-1. On that record alone, Cumulus's Motion should be denied.

Cumulus's basis for enforcement requires reading additional terms into the Order. "Courts may not by construction add or excise terms, nor distort the meaning of those used . . . under the guise of interpreting the writing." *L. Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010) (citation modified). Yet that is precisely what Cumulus's Motion asks this Court to do.

Tellingly, Cumulus does not attempt to point to any provision of the Injunction that Nielsen supposedly violated by making an offer within a few days of Cumulus's demanded timeframe. When Cumulus threatened to move before the Court if Nielsen failed to make an offer by the afternoon of July 27, Nielsen asked Cumulus which provision of the Order would supposedly be violated by providing an offer a few days later, once Nielsen had completed its business analysis. In response, Cumulus was unable to identify any provision of the Court's Order that would supposedly be violated. *See* Dkt. 187-1 at 3 (Nielsen's question: "What portion of the injunction (or any other legal authority) do you claim has been violated by Nielsen providing an offer as soon as it is available this week (as we have stated), as opposed to this afternoon?" Cumulus's response: "The stay has been lifted for two weeks. Nielsen has pushed back the date of when it would provide an offer and failed to provide any assurance that its offer would comply with the Court's injunction. We have explained the urgency numerous times."). In its Motion, Cumulus still cannot identify any provision Nielsen purportedly violated. *See generally* Dkt. 187. Cumulus cannot have met its burden to prove the Order was violated when it cannot even identify a provision of the Injunction that Nielsen violated by sending a proposal outside of Cumulus's unilateral timeline, much less explain how that provision can be read to require the relief it seeks.

***Cumulus's deadline was arbitrary, and reflected no emergency.*** Cumulus continues to have access to the most current Nationwide data under the terms of the previous contract until September 10, 2026, approximately six weeks from now. No circumstance required an offer by Cumulus's artificial July 27 deadline rather than today, when Nielsen made one. What Cumulus casts as an emergency is a continuation of its negotiating tactic since the start of this case: spinning up doomsday scenarios to convince this Court to act urgently, even when it will continue to have access to the most current Nationwide data for another six weeks. Moreover, Cumulus fails to disclose to the Court that it sat silent and made no outreach to Nielsen for more than five months, then sprang forward with a claimed emergency when it saw an opportunity to use this Court as bargaining leverage. In any event, Nielsen's commercially reasonable offer for standalone Nationwide alleviates Cumulus's stated concerns. If Cumulus is truly interested in contracting for standalone Nationwide at a commercially reasonable price (and not simply leveraging an economic advantage via public litigation), it can respond to Nielsen's offer in good faith.

*    *    *    *    *    *    *    *    *    *

Nielsen respectfully requests that the Court deny Cumulus's Motion.

**GIBSON DUNN**

July 31, 2026
Page 4

Respectfully submitted,

*/s/ Joshua Lipton*
Joshua Lipton

cc: All counsel of record (by ECF)