GIBSON DUNN

Joshua Lipton
Partner
T: +1 202.955.8226
JLipton@gibsondunn.com

August 7, 2026

VIA ECF

The Honorable Jeannette A. Vargas
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cumulus Media New Holdings Inc. v. The Nielsen Company (US), LLC*, 1:25-cv-8581

Dear Judge Vargas:

We represent Defendant The Nielsen Company (US), LLC ("Nielsen") in the above-referenced action. We write in response to the Court's August 5, 2026 Order requesting supplemental briefing on "this Court's jurisdiction to adjudicate a motion to enforce the preliminary injunction prior to the issuance of a mandate by the Second Circuit." Dkt. 195 at 1.

The Court lacks jurisdiction to adjudicate Cumulus Media New Holdings Inc.'s ("Cumulus") enforcement motion, Dkt. 187. A district court may enforce an injunction during an interlocutory appeal only if the injunction has not been stayed. Here, the Second Circuit stayed the injunction pending appeal, CA2 Dkt. 45.1, and that stay remains in force until the mandate issues. Until then, this Court cannot enforce the injunction or adjudicate a motion seeking to do so.[1]

**Procedural background.**

On December 30, 2025, the Court granted Cumulus's motion and entered a preliminary injunction against Nielsen. Dkts. 132–33. Nielsen timely noticed its appeal, Dkt. 151, and on January 16, 2026, moved in the Second Circuit for a stay pending appeal, CA2 Dkt. 17.1. On February 3, a motions panel ordered that "the motion for a stay pending appeal is GRANTED." CA2 Dkt. 45.1. The order imposed no further temporal limit on the stay.

On July 13, 2026, the Second Circuit issued an opinion affirming the preliminary injunction. CA2 Dkt. 83.1. The accompanying judgment stated: "The February 3, 2026 order of this court granting Nielsen's motion for a stay is VACATED." CA2 Dkt. 87.1. Nielsen timely petitioned for panel rehearing and rehearing en banc. CA2 Dkt. 92.1. That petition remains pending, and no mandate has issued.

[1] Nielsen's opposition separately explains that Cumulus's motion fails because Nielsen has not violated the injunction and, in any event, Nielsen's July 31 offer mooted the requested relief. *See* Dkt. 194. This supplemental submission addresses the distinct threshold jurisdictional question raised by the Court.

**The injunction remains stayed until the Second Circuit issues its mandate.**

The filing of a notice of appeal ordinarily confers jurisdiction on the court of appeals and "divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *see Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 378–79 (1985). But the divestiture rule is "not a *per se* rule." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). One recognized exception is that, "absent a stay, a district court retains jurisdiction to enforce its orders and judgments despite an appeal." *Medley v. Decker*, 2020 WL 1033344, at *2 (S.D.N.Y. Mar. 3, 2020) (cleaned up); *see In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987))).

That exception has a clear limit: it applies only if the order at issue has not been "stayed on appeal." *In re Fischer*, 53 F. App'x 129, 133 (2d Cir. 2002); *see Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("*Unless a court issues a stay*, a trial court's judgment . . . normally takes effect despite a pending appeal." (emphasis added)); 16A Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.) ("Unless the judgment is stayed, the district court may (pending appeal) act to enforce the judgment though not to expand it."). Once an order has been "stayed or superseded," it is no longer operative and cannot be enforced. *Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*, 2019 WL 2117645, at *4 (S.D.N.Y. Apr. 26, 2019); *see also Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C. Cir. 1978) (explaining that vacating an appellate stay would "restore" the district court's ability to enforce its orders).

That is the situation here. The Second Circuit's February 3 order granted a "stay pending appeal." CA2 Dkt. 45.1. By its terms, the stay lasts while the appeal remains pending. And an "appeal does not conclude . . . until the mandate issues." *Taylor v. United States*, 822 F.3d 84, 89 (2d Cir. 2016); *see Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close."). No mandate has yet issued. Because Nielsen timely petitioned for rehearing, the mandate will not issue until, at the earliest, "7 days after entry of an order" denying the petition. Fed. R. App. P. 41(b). Until then, the appeal is "still pending." *In re Grand Jury Investigation*, 399 F.3d 527, 528 n.1 (2d Cir. 2005). And because the stay tracks the appeal, it remains in force.

The Second Circuit's July 13 judgment does not change that result before the mandate issues. Federal Rule of Appellate Procedure 41 provides that the mandate includes a "certified copy of the judgment" and "is effective when issued." Fed. R. App. P. 41(a), (c). The panel's direction vacating the stay is part of the judgment and therefore is not yet final or operative: "A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." Fed. R. App. P. 41 advisory committee's note. Because the mandate

has not issued, the vacatur has not taken effect; the February 3 stay remains in force; and this Court lacks jurisdiction to enforce the injunction.[2]

**The parties remain engaged in active commercial exchange.**

Separate from the jurisdictional defect, the parties' ongoing exchange continues to confirm that no judicial intervention is warranted. On July 14, 2026, the day after the Second Circuit issued its judgment, Cumulus requested an offer for the standalone Nationwide report. Nielsen promptly responded that it would provide one and explained that it needed a short period to determine an appropriate price for the unique circumstance of a large national network purchasing Nationwide without local-market reports.

Although Nielsen had advised Cumulus that it would provide an offer within a few business days, Cumulus filed its emergency enforcement motion on July 27, asking the Court to require Nielsen to provide an offer within 48 hours. Dkt. 187. Nielsen nevertheless provided Cumulus a commercially reasonable offer on July 31, before filing its opposition, and offered to make its commercial team immediately available to discuss the other terms of an agreement. Cumulus did not respond to Nielsen's offer for several days, despite its representation to the Court that emergency relief was required.

On August 4, Cumulus sent questions about the offer and requested answers within two days. Nielsen responded to those questions on August 6. As of this filing, Cumulus has neither accepted nor rejected the offer, although it has indicated that it will provide a substantive response on August 10. Nielsen remains ready to provide the Nationwide report at the offered price and term and to negotiate the remaining terms of an agreement.

* * *

For the jurisdictional reasons set forth above, Nielsen respectfully submits that the Court lacks jurisdiction to adjudicate Cumulus's motion until the Second Circuit issues its mandate. The Court should therefore deny the motion for lack of jurisdiction. If the Court nevertheless reaches the motion, it should deny the motion for the reasons set forth in Nielsen's opposition.

Respectfully submitted,

cc: All counsel of record (by ECF)

*/s/ Joshua Lipton*
Joshua Lipton

[2] *United States v. Schulz*, 2008 WL 2626567 (N.D.N.Y. Apr. 28, 2008), does not warrant a different result. Although *Schulz* treated the Second Circuit's vacatur of a stay as effective before issuance of the mandate, the district court deemed it "[m]ost significant" that, after judgment, the Second Circuit had separately denied the defendants' renewed stay request—thereby eliminating any doubt that the stay had ended. *Id.* at *3. No comparable denial exists here. In any event, *Schulz* is not binding, and its suggestion that the mandate is "irrelevant" to the effective date of the vacatur, *id.*, cannot be reconciled with Rule 41, the Advisory Committee's explanation that an appellate judgment is not final and the parties' obligations do not become fixed until the mandate issues, or the Second Circuit's subsequent holding that an appeal "does not conclude . . . until the mandate issues," *Taylor*, 822 F.3d at 89.