

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T:  +1 202 637 5600
F:  +1 202 637 5910
www.hlc.com

August 7, 2026

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

>  **Re:** ***Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC***, **Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y)**

Dear Judge Vargas:

We write on behalf of Plaintiff Cumulus Media New Holdings Inc. ("Cumulus") in response to the Court's August 5, 2026, Order directing the parties to address the Court's jurisdiction to adjudicate Cumulus's motion to enforce the preliminary injunction order, Dkt. 187 (the "Motion"), and directing Cumulus to respond to Nielsen's mootness argument. The law is clear that because Cumulus is seeking to enforce this Court's preliminary injunction order—which is now in effect—jurisdiction over Cumulus's Motion remains squarely with this Court. Further, Cumulus's Motion is not moot because Nielsen's offer does not comply with the Court's preliminary injunction order. Far from following the Court's clear guidance on a presumptively reasonable price, Nielsen provided a price for Nationwide untethered to any known commercial price for Nationwide— ██████████████████████████████████████████
████████

## I.      This Court retains jurisdiction to adjudicate the motion to enforce the preliminary injunction.

While this Court is correct that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam), compliance with a preliminary injunction order is not a "question raised and decided in the order that is on appeal." *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 208 F. Supp. 2d 387, 392 (E.D.N.Y. 2002) (quoting *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)). Instead, questions regarding compliance "relate solely to the directives in the order and the refusal of the party to comply with them, issues that are entirely distinct from the issues decided in the order

Hogan Lovells Cadwalader US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells Cadwalader" is an international legal practice that includes Hogan Lovells Cadwalader International LLP and Hogan Lovells Cadwalader US LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Charlotte  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  Associated Offices:  Jakarta  Shanghai FTZ.  Business Services Centers:  Johannesburg  Louisville.  For more information see www.hlc.com.

Hon. Jeannette A. Vargas
Page 2


itself." *Id*. (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F. Supp. 116, 120 (S.D.N.Y. 1996)). Accordingly, district courts retain "'jurisdiction to supervise the enforcement of [an] injunction and to preserve the status quo pending appeal.'" *Id.*; *Abdi v. Nielsen*, 287 F. Supp. 3d 327, 332 (W.D.N.Y. 2018); *Cullman Ventures, Inc. v. Columbian Art Works, Inc.*, 1989 WL 94902, at *3 (S.D.N.Y. July 28, 1989).

Other circuits agree. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 566 (7th Cir. 2000) ("whether the addressee of an injunction has complied is not a subject 'involved in the appeal[]'"); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201-02 (11th Cir. 2016) ("Absent entry of a stay on appeal . . . the District Court retained jurisdiction to enforce its orders."); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("district court retains jurisdiction over injunction during pendency of the appeal") (internal citation omitted). As explained recently by the Chief Judge of the District Court for the District of Columbia, "whether the addressee of an injunction has complied is not a subject 'involved in the appeal,'" and "no court has been persuaded . . . that, absent a stay, a district court is without jurisdiction to enforce its orders pending appeal—[t]he precedent is voluminous and convincing." *Molina v. U.S. Dep't of Homeland Sec.*, 2026 WL 1256234, at *9 (D.D.C. May 7, 2026) (citation modified).

The only obstacle to this Court's ability to enforce the injunction was the stay entered by the Second Circuit, which has now been lifted. The order lifting the stay took effect immediately and does not depend on the issuance of the mandate. *See SEC v. GPB Cap. Holdings, LLC*, No. 23-8010-CV (2d Cir. Jan. 14, 2025), Dkt. No. 102 (clarifying that a stay pending appeal is dissolved immediately upon an order of the Second Circuit even where the mandate has not yet issued). Addressing precisely the question posed by this Court's supplemental briefing order, a D.C. Circuit panel held that "non-issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment since the latter court has retained that power throughout the pendency of the appeal." *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1128-29 (D.C. Cir. 1978). Although the district court may not "alter" its judgment during the appeal, "the vitality of that judgment is undiminished by pendency of the appeal," and absent a stay from either court, "the judgment remains operative." *Id.*; *see also In re Gorsoan Ltd.*, 2020 WL 3264159, at *2 (S.D.N.Y. June 17, 2020) (citing same). That reasoning applies with full force here.

A stay pending appeal reflects the appellate court's balancing of likelihood of success, irreparable harm, injury to the opposing party, and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). In affirming this Court's preliminary injunction and dissolving the stay, the Second Circuit necessarily determined that the equities no longer justify suspending the injunction.[1] The injunction is therefore operative and enforceable, and within the jurisdiction of this Court to enforce.

---

[1] Nielsen's filing of a petition for a rehearing en banc does not stay the underlying district court order. *See* Fed. R. App. P. 41(b); *Missouri v. Jenkins*, 495 U.S. 33, 46 & n.17 (1990).

Hon. Jeannette A. Vargas
Page 3

## II.    The Motion is Not Moot

In its July 27, 2026, filing, Cumulus explained the urgency underpinning its request to enforce the injunction—Nielsen has refused for months to provide a commercially reasonable price for its standalone Nationwide product, and Cumulus only has a few weeks of access to Nationwide remaining. Continued access is essential for Cumulus in negotiations with national advertisers, and Nielsen's refusal to comply with the Court's injunction continues to have significant negative consequences for Cumulus and its bankruptcy proceedings. Nielsen is the sole supplier of the Nationwide data at issue, and it has used that monopoly position not to negotiate but to litigate—delaying for months and, when pressed, █████████████████ to justify its sky-high price rather than simply disclose what other broadcasters pay for the same product.

After many months of delay, and only after Cumulus filed the instant Motion, Nielsen provided an offer for Nationwide as a standalone product, but for only ████████ and ██████ ████████████████████████████████████████████████████. Based on this discovery record, ████████████████████████████████████████████████████████████████—the very product Cumulus is seeking to purchase, and the price point on which the Court's presumption of reasonableness rests. Dkt. 133 at 46–47. Cumulus sought additional information from Nielsen to understand the basis for its offer and why Nielsen thinks it is commercially reasonable. Nielsen's response confirms that Nielsen has not complied with the Court's preliminary injunction. ████████████████ ████████████████████████████████████—the benchmark underlying the Court's presumption of reasonableness—Nielsen ██████████████████████████████ ████████████████████████████████████████████ But the Court identified a more direct benchmark to prevent exactly this type of obfuscation—the 2026 rates Nielsen actually charges other broadcasters for Nationwide, the same product Cumulus is asking to buy. ██████ ████████████████████████████████████ On this record, there is no basis to conclude that the proposed price is commercially reasonable, nor is Nielsen entitled to the presumption of reasonableness established by the Court's injunction.

Nielsen's proposed ████████ term raises a separate concern about whether Nielsen has complied with the Court's injunction. To start, a ████████ term is far from industry standard, and on its face, does not meet the needs of national advertisers who consistently negotiate longer-term contracts with broadcasters like Westwood One. In fact, Cumulus is not aware of any circumstance where Nielsen ever offered such a ████████████████████████████. Further, Nielsen's own justification for the ██████████████████████████████████ concedes the point. ██████. The practical effect of Nielsen's proposal is to leave unresolved precisely the issues the

Hon. Jeannette A. Vargas
Page 4


Court's injunction was intended to address and ensures that, absent this Court's intervention, Cumulus will be right back at Nielsen's negotiating table on Nielsen's anticompetitive terms, on no better footing than it stood before the injunction issued.

The "hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Cumulus's motion asked the Court to require Nielsen to provide a commercially reasonable offer for standalone Nationwide, in compliance with the injunction issued by this Court. Because Nielsen has failed to do so, Cumulus' motion is not moot. Cumulus has engaged with Nielsen in good faith and remains willing to do so, but Nielsen's offer does not comply with the Court's Order, and the parties' subsequent round of communication has not cured that non-compliance to date. As a result, this Court can and should enforce its injunction.

Dated: August 7, 2026

Respectfully submitted,

*/s/ Jennifer Fleury*

Jennifer Fleury (*pro hac vice admitted*)
Charles Loughlin (*pro hac vice admitted*)
Alisa Lu (*pro hac vice admitted*)
Ashley Ifeadike (*pro hac vice admitted*)
Jonathan Sussler (*pro hac vice admitted*)
HOGAN LOVELLS CADWALADER US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jennifer.fleury@hlc.com
chuck.loughlin@hlc.com
alisa.lu@hlc.com
ashley.ifeadike@hlc.com
jonathan.sussler@hlc.com

Claude G. Szyfer
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hlc.com

*Counsel for Plaintiff*
*Cumulus Media New Holdings Inc.*

Hogan Lovells Cadwalader