HOGAN LOVELLS CADWALADER

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T: +1 202 637 5600
F: +1 202 637 5910
www.hlc.com

September 4, 2026

*VIA CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

**Re: *Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC*, Civil Action No.: 25-cv-08581 (JAV) (S.D.N.Y)**

Dear Judge Vargas:

Cumulus respectfully submits this letter in response to Nielsen's letter requesting that the Court reconsider its Order (Dkt. 226) granting Cumulus's motion to supplement the evidentiary record as to PX-1020. *See* Dkt. 228. Nielsen's reconsideration request should be denied. On this expedited timeline—and after the Court itself invited supplementation during the Hearing—leave to supplement should be granted.

First, there is no prejudice. As indicated in Cumulus's initial letter motion, Nielsen is a party to PX-1020—it negotiated and executed the agreement—and possesses all of the context it could want about the document. A party cannot plausibly claim prejudice from the Court's consideration of its own contract, particularly where the party has already responded and had the opportunity to be heard when it submitted its Proposed Findings of Fact and Conclusions of Law. Any dispute over comparability or the proper inference to draw from the agreement goes to weight—not prejudice—and is properly addressed in Nielsen's Proposed Findings of Fact and Conclusions of Law.

Second, PX-1020's earlier inclusion would not have changed the record. Nielsen chose not to address the 2017 Services Agreement in Mr. Tunkel's Declaration. *See* PX-1006. Dr. Zmijewski testified that he did not review underlying contracts, negotiation records, or documents relating to customers in his 75-company sample; he did not review ordinary-course documents or key litigation materials, including the Preliminary Injunction and Second Circuit decisions and hearing testimony; and the standalone Nationwide prices he knew about were not reflected in his analysis. *See* Pl.'s Proposed Findings, Dkt. 223, ¶¶ 18, 20–22, 31. His analysis

Hogan Lovells Cadwalader US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells Cadwalader" is an international legal practice that includes Hogan Lovells Cadwalader International LLP and Hogan Lovells Cadwalader US LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Charlotte Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. Associated Offices: Jakarta Shanghai FTZ. Business Services Centers: Johannesburg Louisville. For more information see www.hlc.com.

instead used the contract-pricing data provided by Nielsen, not the underlying agreements, negotiation history, or litigation record. *Id*. at ¶¶ 25–27. As such, even had PX-1020 been listed earlier, it would not have altered Dr. Zmijewski's analysis or the record.

Third, PX-1020 bears directly on Nielsen's position at the Hearing. Nielsen's counsel stated that "[t]here's never been a customer the size of Westwood One, Cumulus's nationwide network, that has ever purchased—ever even asked for—nationwide-only data from Nielsen." Sept. 1, 2026 Hr'g Tr. 29:15–18. But PX-1020 shows that Westwood One had a Nielsen agreement that separately identified and priced "Nielsen Audio Nationwide." *See* Pl.'s Proposed Findings ¶¶ 7–9. Cumulus does not seek to litigate the weight of PX-1020 in dueling letter submissions—but the Court should have the benefit of seeing the actual agreement. On its face, Schedule 1 lists "Nielsen Audio Nationwide" as a distinct line item. PX-1020 at 7. That is difficult to square with the assertion that no large customer ever purchased or asked for standalone Nationwide data. The point at this stage is not to resolve every merits inference Nielsen may draw from the agreement or its other provisions—it is to ensure that the Court has a complete record when weighing Nielsen's current position.

Nielsen also attempts to submit facts not in the record in its filing earlier today, Dkt. 225. As the Court has recognized, attorney representations do not constitute evidence. Aug. 28, 2026 Hr'g Tr. 12:2. Cumulus notes that the 2017 contract between Westwood One and Nielsen, admitted as evidence, shows that the fee charged to Westwood One for Nielsen Audio Nationwide was [redacted] in 2017. PX-1020 at 7. Nielsen has submitted no evidence, and this document does not show, that Nielsen charged Westwood One [redacted] for Nationwide. All of the evidence submitted to this Court reflects the real-world prices for Nationwide, including those paid by Westwood One as a standalone entity, at [redacted] per year. PX-1020 at 7.

For the foregoing reasons, Cumulus respectfully requests that the Court deny Nielsen's request for reconsideration.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Jennifer Fleury*

Jennifer Fleury (*pro hac vice admitted*)
Charles Loughlin (*pro hac vice admitted*)
Alisa Lu (*pro hac vice admitted*)
Ashley Ifeadike (*pro hac vice admitted*)
Jonathan Sussler (*pro hac vice admitted*)
HOGAN LOVELLS CADWALADER US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jennifer.fleury@hlc.com
chuck.loughlin@hlc.com
alisa.lu@hlc.com
ashley.ifeadike@hlc.com
jonathan.sussler@hlc.com

Claude G. Szyfer
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hlc.com

*Counsel for Plaintiff*
*Cumulus Media New Holdings Inc.*