UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CUMULUS MEDIA NEW HOLDINGS INC.,<br>Plaintiff,<br>-v-<br>THE NIELSEN COMPANY (US) LLC,<br>Defendant. | 25-CV-08581 (JAV)<br><u>ORDER</u> |

JEANNETTE A. VARGAS, United States District Judge:

By a separate order and accompanying opinion, the Court granted the motion to enforce the preliminary injunction brought by Plaintiff Cumulus Media New Holdings Inc. ("Cumulus") against Defendant The Nielsen Company (US) LLC ("Nielsen"). A copy of that Opinion has been filed under seal. ECF No. 243.

The Opinion contains competitively sensitive information of parties and nonparties of the type that the Court previously authorized to be filed under seal. Under the balancing test established by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, however, the "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted). Accordingly, information that is properly sealed when submitted to the Court in connection with an ancillary matter must be reassessed when appearing in a judicial opinion, where the presumption of public access is at its highest, and material may be sealed only for the most compelling reasons. *Id.* at 123.

The Court provided the parties with an opportunity to propose redactions with respect to such commercially sensitive information. ECF No. 242. The Court has now reviewed the redactions proposed by Nielsen, which are limited to specific terms of ongoing commercial negotiations for Nielsen's products, references to Nielsen's pricing and business strategy, and pricing relating to third parties. Nielsen's motion to seal portions of a judicial opinion may be granted only if it meets its burden of demonstrating that "the redactions it seeks are essential to preserve higher values and . . . narrowly tailored to serve that interest." *Alexsam, Inc. v. MasterCard Int'l Inc.*, No. 15-CV-2799 (ILG) (SMG), 2017 WL 9750837, at *2 (E.D.N.Y. Mar. 13, 2017).

The Court finds that Nielsen has met its burden with respect to the majority of its proposed redactions. The countervailing interest of protecting "commercially sensitive and

confidential business information" supports the limited redaction of "specific financial figures," within a court's opinion. *Huawei Techs. Co. v. PanOptis Pat. Mgmt., LLC*, 2026 WL 370287, at *1–2 (S.D.N.Y. Feb. 10, 2026) ("Courts in this circuit frequently grant motions to seal commercially sensitive and confidential business information, recognizing the importance of the maintenance of confidentiality of such information."). Almost all of Nielsen's proposed redactions are of specific pricing figures for its Nationwide Product and the names of third-party customers for that product. The specific figures were not essential to the Court's reasoning. The Court notes that the Second Circuit authorized the sealing of similar information in its opinion resolving the appeal from the motion granting the preliminary injunction. *See Cumulus Media New Holdings Inc. v. Nielsen Co. (US), LLC*, 182 F.4th 108, 129 (2d Cir. 2026). The Court further grants the motion to seal references to Nielsen's business strategy for pricing of its products, as Nielsen has compellingly demonstrated that its negotiating position with respect to future customers of its products would be harmed by such disclosure.

The Court denies the motion to the extent it seeks to redact information on page 7 of the Opinion that sets forth price comparison information without specific figures, as such information helps explain the basis for the Court's decision. The Court also declines to seal certain of the non-price-specific information on page 10. The Court therefore grants in part and denies in part the motion to seal at ECF No. 254.

The parties' pending motions to seal at ECF Nos. 244 and 247 are granted for the reasons stated therein. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

The Court denies as moot the letter motion at ECF No. 252, which seeks to seal portion of a letter that does not appear to have been filed.

The Clerk of Court is respectfully directed to terminate ECF Nos. 244, 247, 252, and 254.

SO ORDERED.

Dated: September 16, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge